UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA WASHINGTON, D.C.

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| MARGARET E. DESCHAMPS<br>*2776 Fleets Bay Road*<br>*White Stone, Va! 22578 (301) 877-9418*<br>Plaintiff | ) |
|  | ) |
| v | ) |
| DISTRICT OF COLUMBIA<br>(DCORM/DCPS) | ) |
|  | ) |
| and | ) |
|  | ) |
| D.C. Mayor Adrian M. Fenty | ) |
|  | ) |
| and | ) |
|  | . |
| MICHELLE RHEE,<br>D.C. SCHOOL CHANCELLOR |  |
|  |  |
| and |  |
|  |  |
| KELLY VALENTINE<br>Director, D.C. Office of Risk Management | ) |
|  | ) |
| and | ) |
|  | ) |
| NINA HILL, Claims Adjuster<br>D.C. Office of Risk Management | ) |
|  | ) |
| and | ) |
|  | ) |
| JOHNNIE WINSLOW, Claims Adjuster<br>D.C. Office of Risk Management | ) |
|  | ) |
| ATTORNEY PAMELA SMITH<br>DC Personnel and Labor Relations Office<br>Defendants | ) |
|  | ) |

Case: 1:08-cv-00347
Assigned To : Walton, Reggie B.
Assign. Date : 2/27/2008
Description: Civil Rights-Non-Employ.

**RECEIVED**

FEB 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

**MOTION FOR PERMISSION TO FILE A PRELIMINARY INJUNCTION AGAINST
DEFENDANTS DUE TO A LACK OF NOTICE AND A VIOLATION OF PLAINTIFF'S
DUE PROCESS RIGHTS;** *Defendants are in non-compliance to DC STATUTE
1-623, and the 5th Amendment Due Process Clause of the United
STATE's Constitution* **COMPLAINT**

**COMES NOW**, the plaintiff, Margaret Deschamps, appearing pro se, and for a complaint
against the defendants above names, states, alleges, and avers as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to hear Due Process RightsViolations under the 5th
Amendment of the United States Constitution and under DC Statute 1-623.

2. This Court has subject matter jurisdiction to hear Lack of Notice Issues regarding citizen's
rights under the 5th Amendment of the United States Constitution and under DC Statute 1-623.

A motion for an Injunction is being filed for DCORM/DCPS to stop violating my Due
Process Rights and to prevent them from continuing terminating my Workman's
Compensation Benefits due to a lack of notice.

## GENERAL ALLEGATIONS

1. My Workman's Compensation Claim was accepted for PTSD on 1/13/06, by a verbal
acceptance over the telephone. A check was received once plaintiff contacted Ms. Johnnie
Winslow's Supervisor on 1/24/06. A check was sent by overnight express to plaintiff. I had to
write to Ms. Valentine (Ms. Winslow's Supervisor) to let her know that Ms. Winslow kept
changing the date that I could expect to receive my check over a two week period. The following
day after I received my check (1/25/06). I received a termination notice from Ms. Winslow letting
me know I would not receive any further payments from DCORM effective 1/25/06. I received

no notice or prior notice from DCORM before terminating my workman's compensation claim.

2. According to DC Statute 1-623 I was supposed to receive at least 30 days notice and I received no notice before terminating me from receiving further payments on 1/25/06. This represents a lack of notice. This is a Due Process Rights violation and the remedy is to reinstate the claimant to the workman's compensation program and reinstate the claimant on their job, and to immediately release the claimants back pay and front pay disability entitlements. I received my termination letter from DCORM around 5pm, on 1/26/06 by regular USPS mail. According to the Due Process Clause the procedure that I am due is notice and a hearing. The Due Process Clause of the 5th Amendment was written to safe guard the rights of Americans to insure the Government and the Public would recognize that people have rights involving property and property interests that may be taken from them.

The 5th Amendment Due Process Clause guarantees that certain rights of the people can only be taken following a specific procedure. That involves notice and a hearing. If rights of the people involve property interests where their only source of income involves a particular job, then before that job may be taken the person does need to have notice and a hearing. At the very least then the procedure that was due me prior to terminating my claim and my job simultaneously is the 30 day prior notice. I did not even receive that. When my termination letter was received on 1/26/06 my claim was terminated and my job was terminated upon receipt of the letter. Where is my 30 days prior notice before taking my entitlements and my job as well? Judge Kotelly-Kotar held where A Due Process Rights Violation exists the remedy is reinstatement of claimants claim, and reinstatement of claimants job, and an immediate release of claimants workman's compensation entitlements with all back pay and front pay monies. I am asking for Judge Kotelly-Kotar's holding to be upheld in my behalf. I have at least 16 years of seniority with DCPS, it is a shame for me to be physically attacked by two male students in my classroom, and then I be placed on Workman's Compensation and then due to a Due Process Rights Violation by DCORM lose my job and all my benefits. I went to school and to College with one goal in mind to become an excellent teacher. I have several degrees which have helped me attain my goal. I never would

have thought after all of my time and effort I would lose me job due to two students physically attacking me and DCPS not coming to my aid to help me recover.

If the property interests or property rights being taken from me involves my only source of income I am also due a hearing and notice prior to taken my property entitlements from me as well as my job. I am a permanent teacher with DCPS, and when my claim was initially accepted by DCORM on 5/04 that reinstated me with my employment. So even though I had an injury which developed from my initial injury, upon payment on my claim or acceptance of my PTSD claim would not constitute a break in service. Therefore, I was still an employee of DCPS when my claim was paid on and accepted on 1/13/06. Dr. Janey requested that I complete an assignment involving reviewing and making necessary changes as I thought necessary. I did send him at least 24 different objectives to be added to the Curriculum because it was an oversight that they were left off. Dr. Janey also had his staff members contact me and I did contact one or two of them regarding DCPS Educational Work. This indicates that I have conferred a benefit on DCPS through completing at least 8 different teachers like tasks while I have been recovering. (2/06 - 8/06) Therefore, DCPS is estopped from saying I am terminated. The fact that I did complete several tasks the most important was the work on the curriculum and the second most important work task was to start a fund-raising drive for DCPS Graduating Seniors so that they would either be given scholarships by colleges and money from very important and influential millionaires and billionaires. These individuals have given some money to DCPS. If I am completing teacher like tasks especially involving the New Curriculum under Dr. Janey's direction and I also prepared a Vocabulary Development program for DCPS to use in preparing the students for the end of the year standardized exam, DCPS is estopped later from saying I am not an employee of DCPS because my Workman's Compensation Funds have been terminated erroneously due to a lack of notice and without any additional medical information which would have warranted a review of my claim at that time on 1/25/06.

3. I am asking the Court to take Judicial Notice of the fact that my PTSD claim was accepted for payment on 1/13/06 by DCORM, and that a check was delivered by messenger service out to me by overnight delivery on 1/25/06. This constitutes payment on my claim: M7BOEDU0048951/LTDCPS03752.

I was concerned about doing a good job and I did an excellent job with students. I received a letter from one of my special education students. He let me know that he was finally happy that I insisted that he complete his Science Project. He went on further to say that he had never performed well in school. In my class it was the first time that he started getting good grades. He also stated he was happy that he had completed his science project and that he had no interest in completing this assignment in the beginning. He told me he learned so much. He and his Mother completed the project together. Based upon this experience, he was a Science Fair Winner. He won a calculator, and he received a science fair certificate. He stated he had never won anything before. He had actually taken so much time in putting his Science Fair Board together. I felt it was good enough to go to the City Wide Science Fair. Based on this one good experience for my student, he went on to write an excellent Science Research paper. I do believe he receive an A on his paper. He emailed his paper to me. Since I was still out on Workman's Compensation. However, I made myself available to my students through the internet. I actually placed notes on my science website for my students. So that I could still explain science concepts to my students. I do have pictures to show my students with their Prizes and their Science Fair Boards. I even have the note the student sent to me.

4. Once a claim has been accepted or paid on it can only be terminated by DCORM when new additional medical information has been submitted to DCORM by either the claimant or by a physician. There was no new additional medical information submitted to DCORM on 1/25/06. The only medical information submitted to DCORM by Dr. Smithpeter was on 5/05. Judge Carney told DCORM's Attorney (Ms. Smith) that she could not enter that document into evidence nor could she make any further reference to it in his Hearing. He disallowed Dr. Smithpeter's document to be used therefore, DCORM could not use this document to terminate me from receiving further payments from DCORM. This document contained one or more forgeries/alterations. It contained information that I did not give to the Doctor. This document stated I go out all of the time as a response that I gave to the Doctor. It was impossible for me to go out all of the time when I was on heavy medication and I had to ask the Doctor to reduce my medication so that I could do some things for myself. My son took me to my Doctor's appointments and my Daughter took me grocery shopping and I usually sat in the car for a year when we went shopping. For an entire year I never did go outside. When I realized I needed fresh air and exercise I started walking around the track. I did try to get DCORM to sign a Medical Release for me due to the request of Dr. Smithpeter.

However, all parties involved with my claim refused to give me a signed medical release so that I could get a copy from Dr. Smithpeter. (Ms. Hill, Ms. Rhee, Ms. Valentine, and Mayor Fenty) Since Judge Carney stated DCORM/DCPS could not use Dr. Smithpeter's IME report, this report should not be allowed to be used to terminate my workman's compensation claim. * For DCORM to terminate my claim without any additional medical information that would warrant a review of my claim on 1/25/06, represents a capricious and arbitrary decision by DCORM. According to DC Statute 1-623 DCORM is not supposed to make capricious and arbitrary decisions in terminating a claimant's claim. Also please note Judge Carney (ADH) remanded my claim back to DCORM so that DCORM could make a Final Determination on my claim per their request. The acceptance that occurred on 1/13/06 represented DCORM's Final Determination on my claim and it was paid on. Therefore, once this acceptance was made it could not be terminated without

Page 6 of 20

new additional medical information that would warrant a review of my claim on 1/25/06. I was told by Ms. Winslow on 1/13/06, that I would have only one claim at that point. Since my PTSD claim arose from my original injury, and that the acceptance of my claim would be retroactive to my initial injury date. This represented a Final Determination made on my claim, which Judge Carney allowed DCORM to make. DCORM stated they had not been given an opportunity to make a Final Determination on my claim. Judge Carney remanded the claim to DCORM so that they could make a Final Determination. On 1/13/06, a Final Determination to Accept and pay on my claim was made by Ms. Winslow for DCORM. Once a Final Determination is made it can't be arbitrarily terminated without any new additional medical information indicating there is a change in my medical condition which would warrant a review of my claim at that time. Once acceptance and payment is made on the claim all other issues become res judicata. Res Judicata insures that all issues have been settled and there are no other issues to be determined. I ask the Court to accept the decision that my claim was accepted and paid on as a Final Determination, on my claim. Therefore, DCORM should continue to pay on my claim until I am released from my Doctor's care to return back to work full-time. I have been released to return to work on a part-time basis for 20 hours a week while under my Doctor's care. The only reason that Judge Carney sent the claim back to DCORM in good faith so that a Final Determination would be rendered on my claim? Therefore, Res Judicata exists on my claim and all issues are settled - because my claim has been accepted on 1/13/06, and again on 5/04 and both were paid on. My PTSD injury arose out of my original injury. Therefore, the injury occurred out of the same occurrence and on the same day. Therefore, this constitutes one claim. I have been hospitalized on four occasions.

I am asking the court to state that all issues are final and have been settled according to Judge Carney's request to make a Final Decision on my claim. I do have a copy of both checks to show that both claims have been paid on. So all issues should be Res Judicata at this point.

5. I am requesting to be paid at 100% of my yearly salary with DCPS on my compensation claim. Judge Kotelly-Kotar indicated that the Lightfoot Class action members were to receive 100% of their salary, with bonuses, salary increases and cost of living increases that I am eligible for. I have received only two checks from the time period of 4/29/03 to the present. The two checks that I have already received were received when Judge Kotelly-Kotar's holding was still in effect. I have not been paid at the 100% rate nor have I been paid every two weeks. I have been paid on 10/04 and 1/06. I am asking for each year that I have been approved with DCORM and the DC Disability Program that I am paid late fees for each year that I am due back pay and front pay monies.

6. I am asking to be reimbursed of all medical expenses relating to my job injury. A request was submitted to Ms. Nina Hill on 1/17/06, and she ignored my request. I have received no medical payments. My initial compensation order stated that my medical expenses would be paid by DC Disability/DCORM. I also submitted a request to be reimbursed for all medical expenses to Dr. Janey, Ms. Winslow, and Ms. Valentine, on 7/24/06. This request was also ignored. This indicates a refusal to reimburse me for medical expenses totaling $12,188.07. Perhaps this represents what Ms. Hill meant when she stated, "We don't pay on stress claims". They made no attempt to pay my medical expenses as promised on my compensation order which stated medical expenses are compensable. I have only been paid two checks since I have been out injured since 4/03.

7. I am asking that it be judicially noted that when I was initially approved for Workman's Compensation on 5/04, that I had been officially reinstated with DCPS at that time. Therefore, payment on my claim and acceptance of my PTSD claim on 1/13/06, did not allow for a break in service. After completing Teacher Like tasks for Dr. Janey under his direction and with his knowledge DCPS is estopped from saying I am not an employee of DCPS, during the period of 2/06 - 8/06. The wrongful termination should not stand because there was no new additional medical information that would warrant a review of my claim at that time on 1/25/06, and a

capricious and arbitrary decision is not allowed to be made on a workman's compensation claim based upon DC Statute 1-623. As a DCPS employee I am entitled to all the benefits and entitlements that DCPS offers their permanent teachers. This is in accordance with Judge Kotelly-Kotar's holding that was in effect on 1/13/06, in regards to having all the benefits and entitlements reinstated due the individual that their job offers. I am asking to be reinstated to DCORM's Workman's Compensation Program because my Due Process Rights were violated and capricious and arbitrary decisions are not to be made based upon someone's whim. According to DC Statute 1-623 in assessing and evaluating and determining a claimant's claim, there must be new additional medical information indicating that there is a change in the claimant's medical condition that would warrant a review of the claimants claim at that time.

I am requesting that the Court award Plaintiff $50,000 in punitive damages because DCORM/DCPS continued to not administer my Workman's Compensation Claim properly. I was to be paid every two weeks even if a problem was discovered I could have been compensated while we attempted to work out the problem. Rather than not pay me for extended periods of time. Some one made an error in terminating my claim after it had just been accepted on 1/13/06, terminating my claim without new additional medical information. Also they intentionally failed to give me the appropriate 30 days prior notice, even though DC Statute 1-623 states that I receive adequate notice. I received no notice at all. After bringing this to the attention of DCORM and DCPS no one made an attempt to correct the wrongful termination on my claim. Even under the 5th Amendment Due Process Clause, I am due adequate notice but I was given no notice at all prior to terminating me from receiving further entitlements.

The remedy for procedural Due Process errors and capricious and arbitrary decisions is to reinstate the claimant to the Workman's Compensation Program, reinstate the claimant on their jobs if the erroneous determination occurred by approximately 1/24/06, and to release all of claimants back pay monies and front pay monies. I have sent numerous requests to DCORM, Mayor Fenty, Ms. Rhee, Ms. Valentine, Dr. Janey, Ms Nina Hill and no one did anything to

correct this Due Process Rights Violation existing on my claim. The last comment I received a couple of weeks ago from Ms. Rhee or her Assistant is that they will get back to me. I have tried to mediate the problem to get my money released but I have been left with no recourse but to file a Civil Action in court for an Injunction, against DCPS/DCORM. I am also asking for $50,000 in punitive damages because both DCORM and DCPS have had many opportunities to remedy the situation but they chose not to. I requested that Judge Carney have DCORM pay me Damages for failing to pay on my claim, he stated I would have to go to the Big Court to receive damages on Due Process Issues. He stated his Court is a small court they don't hear issues involving Due Process Violations. So I am filing my request with the Appropriate Court who can hear issues involving Due Process Rights Violations. I am asking for $50,000 for DCORM/DCPS violating my Due Process Rights in punitive damages. I have missed out on plenty of opportunities to update myself academically with Supervisory Education Courses, but with barely enough money to pay my immediate bills I had no money to do anything with. My phone has been cut off for non payment due to a lack of money but no one seemed to care. I did contact DCORM, Dr. Janey, and Ms. Rhee to let them know I was experiencing a hardship and I needed money to pay my bills but no one responded to help. In the Lightfoot case the Judge told DCORM to follow the 30 days Prior Notice policy before taking claimant's workman's compensation entitlements. That was at least 4 years ago. So apparently they do not care about the Judge's ruling. I have never received bi-weekly payments on my claim. In fact I have only received two checks from DCORM; one on 1/06 and the second check was issued on 10/04. My claim was accepted on 5/04, and I had to hire an attorney on 10/04 to get my check released.

Also DCORM/DCPS was told not to use Dr. Smithpeter's IME Report because it was untimely and the Judge did not have an opportunity to authenticate the Document. We were to submit all documents that we wanted to be introduced in the Hearing and it was not submitted during the Discovery Process. This document was given to the Judge just moments before the Hearing started. Therefore, it was disallowed. Further the document had been altered or tampered with because I did not give the Doctor that response stating I go out all of the time. How could I go out all of the time when I was on heavy medication? I asked the Doctor to reduce my medications

so that I could do things for myself. My daughter would take me grocery shopping and most of the time I remained in the car; my son took me to my Doctor's appointments initially. Dr. Smithpeter's medical document was used to terminate me from receiving further workman's compensation payment. Dr. Smithpeter sent this document to DCORM on 5/05. So on 1/25/06 when someone stated they received new additional medical information on my claim which caused them to review my claim someone lied. All of the Doctors had already sent their medical reports to DCORM by 5/05. So there was no additional medical information on which to review my claim on 1/25/06. No additional medical information existed.

I am asking for an immediate release of all of my front pay and back pay monies released immediately. I am also asking that I receive bi-weekly payments that were specified in Judge Kotelly-Kotar's holding which I have never received throughout the duration of my claim. I might add Ms. Nina Hill did tell me when I faxed a copy of the Judges Order to her because she had not been given a copy of it, "that they don't pay on stress claims".

8. I am requesting that $7000 be taken out of the monies due me for the school year 8/05 - 6/06, and $7000 to be taken out of my money for the school year 8/06 - 6/07and placed in my teacher retirement fund with Met-Life. I am also requesting that Union Dues be taken out of my money for this school year 8/07 - 6/08. My Doctor stated I can work for 20 hours a week at DCPS at this time. I still have a scheduled Doctor's appointment for next month (2/08). By paying my Union Dues that will allow me to take advantage of the Union's Health Option Package for Teachers. (Prescription Program, Eye Glass Program, Dental and Pre-Paid Legal Program)

9. I am requesting that if there are any additional Court Fees involved with me filing this Injunction that it be paid by the Defendants due to the erroneous termination.

10. I am also asking the Court that if there is an additional transfer of my claim that DCORM will not use that as an opportunity to terminate my claim. In the past when a company wins the

contract to handle DC's Workman's Compensation Program my claim seems to either be terminated or just suspended. (Where payment is not made on the claim at all) I am hoping that won't happen again. I need to be able to expect bi-weekly paychecks until I am released to return to work. According to Judge Kotelly-Kotar's holding every claimant was to receive payments every two weeks, and I have never received payments every two weeks.

11. Also, I noted that on our initial Pre-Hearing form that was submitted to Judge Carney, Dr. Smithpeter's IME report was not placed on The Employer's Document. Maybe that's why Judge Carney did not accept it. I believe it was requested by ADH that we get all exhibits and documents to be used in Court approximately on 7/05. If we did not get documents included during discovery and in to the Court by that time I think it would have been too late to get a document admitted into evidence on the day of the Hearing. Perhaps that's why Dr. Smithpeter's IME document was not allowed to be used in the Hearing. I know Judge Carney did not authenticate the document because it was not allowed to be entered into evidence.

12. Also it was mentioned in the Lightfoot case, I am a member of the Lightfoot case, something concerning Housing Payments. I have asked DCORM if housing payments or Housing Certification applied to me and I never received an answer. I would like to know if Housing Certification Payments apply to me. Do I have a right to expect housing certification payments under the DC Disability Program/DCORM? If I do have a right to request them I am asking to be considered for those payments from 4/29/03 - 1/22/08 (to the present time) (potential member of the Lightfoot case).

13. Also I noted that the Defendants were back in Court on 1/24/06. Just a day before I received their termination letter. Whatever changes that occurred in the Lightfoot case that would diminish what the claimants could reasonably expect to receive should not affect the acceptance and payment on my claim on 1/13/06. I am still an employee of DCPS by mandate of the Judge's ruling on 1/13/06, whereas on 1/24/06 I might not be considered an employee. On 1/24/06, DCPS would have the option of reinstating me as an employee if they wanted and this would terminate

Page 12 of 20

me as a permanent teacher with DCPS. Since there was no new additional medical information existing on 1/25/06, then DCORM could not terminate me nor would they have the right to re-evaluate or review my claim on 1/25/06 without any new additional medical information. All Doctors including Dr. Smithpeter had submitted all of their medical reports and medical letters by 5/05. Therefore if they could not review my claim on 1/25/06, due to a lack of new additional medical information then my claim is not terminated. Also Judge Carney disallowed Dr. Smithpeter's IME medical document. I shared this information with DCORM on 1/06. So to do what the Judge asked you not to do, wouldn't that mean that DCORM is in Contempt of Court. Additionally they were told by Judge Carney to make a Final Determination on my claim. They did make a Final Determination to accept and pay on my claim. I have a copy of the check to show payment was made on my claim on 1/13/06. The only claim remanded to DCORM of mine was the PTSD claim. So what other claim could they have made a decision on to pay on accept the issue that was before the court in the Administrative Hearing? Here again they did not follow the Judge's request - if you make a final determination on a claim how can you just ignore it and then make a second final determination to terminate the claimant's claim using a document that he already stated you were disallowed in using on 1/25/06.

14.  I am requesting that DCORM/DCPS pay my workman's compensation claim immediately with all back pay and front pay monies. I am also requesting that all medical expenses be paid and my $50,000 punitive damages amount be paid within 24 hours of this request. DCORM has the capability of preparing and paying a check within 24 hours. So I am expecting total payment on my claim within 24 hours. That's how I was paid the last time on 1/25/06, after DCORM/DCPS left Court on 1/24/06.

15. I am a member of the Lightfoot Class Action Suit. (A potential member of the Lightfoot Class Action Suit.

16. Ms. Rhee, Ms. Valentine, Ms. Hill, and Ms. Wiggins were sent a current Doctor's certificate in 9/07, and on approximately 11/07, to let them know I am available and waiting to be called

back to work at the District of Columbia Public Schools, as a Biology Teacher. I did request to teach AP Biology or AP Environmental Science this school year. I did submit a copy of my teaching syllabus to the College Board in September. I did ask DCPS, if I could be given a school number which would allow the College Board to approve my syllabus for the school year 8/07 - 6/08, and I would be approved by the College Board for this year and any additional school years that I would like to teach the AP courses. I had planned to teach AP Biology or AP Environmental Science this school year. However, I was told by my Human Resources Personnel Specialist that Ms. Rhee was in charge of hiring at this time. I have not heard from Ms. Rhee regarding when I will be called back to work for the 20 hours a week that the Doctor has allowed me to work with DCPS. Eventhough, I can only work part-time this does not excuse DCPS from paying me full-time, while I am still with the Workman's Compensation Program. Since they have not called me back to report to work at this time. I have been available per my Doctor's request that I can return back to work for 20 hours a week to teach. Since DCPS has failed to have me report to work part-time in my full-time permanent Biology teaching position I am requesting that the Court let DCPS know they are responsible for paying me my full-time pay until I am released to return to work full-time by my Doctor. My injury was caused because DCPS failed to provide a safe working environment for me. I honestly feel students were "encouraged" to misbehave in class due to the fact that the Administrators failed to discipline the students on my behalf. I sent students out when they misbehaved; the Administrator in charge sent the student's right back to class undisciplined. For an example one student got up from his seat while the students and I were engaged in an activity - reading and answering questions from our textbook. He raised a fish bowl over top of my head as if he was going to hit me with it. The students yelled out, "Don't do that ____". I sent the student out to be disciplined by his Administrator. I met with the student, his mom, and the Administrator. The Administrator told the student he could return back to class because he did not do anything wrong. The Administrator apologized to the parent for having the parent come down to the school for the parent, teacher and administrator's conference. I asked that the student be removed from my class. The parent insisted since the student was doing so well she did not want the student removed from my class. The student returned to class angry and upset. He had a plastic soda

Page 14 of 20

bottle banging it against the walls, and on student desks. He finally banged the bottle on my desk. He kept stating do you want some of this. Do you want some of this - he was ready to fight me. Generally when a conference is required involving a Special Education Student the Special Education representative is present or the student's special education teacher. This is done so that recommendations might be made by the student's special education representative that is in the best interest of the student and a workable plan to change the student's behavior can be arrived at. To be honest I was hired to teach in the Legal Program and the Health Science Program at Eastern. These students were in the talented and Gifted Program. I noticed more of the Talented and Gifted students were taken from me and I was given students requiring more discipline, and students whose reading levels were approximately 5.0 - 7.0. I did notice when I worked with the students at the end of the school year the students were reading about 7.0 - 9.0. Most students' behavior did improve. That's why I was quite surprised when my students attacked me in my classroom. They were angry and they stated one student who had been out of school received a passing grade while their girl friend failed the class that advisory. It's just difficult to pass a student who refuses to even open up a book or hardly even turns in an assignment. The students did not understand when a student is out of school on a medical excuse, they still have a right to get the class work and complete the class work for a grade. Which is why the student they were referring to passed that grading period and the other student did not pass? When I just happen to see some of my students they have become managers of companies, some have started their own businesses and some have gone to college with an intent to become Lawyers, Doctors and Nurses.

17.     I was told I was Grandfathered in to DCPS in 1984. Which meant if policies changed I would not be affected by them? So I am asking the Court to apply the Grandfather Clause of 1984 involving my termination with the Workman's Compensation Program of the District of Columbia. I am sure those policies stated if an employee is injured any injury arising from their initial injury will be viewed as the same as the original injury. An injury occurring on that same day and from that same occurrence would be viewed as one claim. That way my job would be safeguarded as well as my workman's compensation entitlements.

18. I am requesting that the Court have DCPS certify my pay showing the monies that I am due as well as the monies that I have been paid. All yearly payments are to be at 100% of my salary as specified by Judge Kotelly-Kotar's holding. My pay should reflect the manner in which Judge Kotelly-Kotar stated that I should be paid with raises, bonuses, salary increases, cost of living increases, and my step increases yearly. I am asking for late fees on all monies due me each year. The time period that needs to be certified is as follows:

> 4/29/03 – 6/03
>
> 8/03 - 6/04
>
> 8/04 - 6/05
>
> 8/05 - 6/06
>
> 8/06 - 6/07
>
> 8/07 - 1/08

After all back pay and front pay monies have been paid; I am expecting to be paid bi-weekly until I am released from my Doctor's care to return to DCPS full-time.


19. Also it was negligent on DCPS' behalf to place a student in my classroom that had just been removed from the Special Education Program without letting me know the student had been in Eastern's Special Education Program. This would have just been a courtesy. It was either deemed by the Special Education Department or by his parent that the student did not require further Special Education assistance. When the student was placed in my classroom I should have been alerted to the fact that the student had been in the special education program, but he no longer needed special education services. Therefore I would have been aware the student that the student did have special needs of some type before. I could have been monitoring the student and could have reported any unusual behavior to the Principal and the Special Education Department. In approximately October 2002, this student did attack a female student in my science class. After the student attacked me I found out he was a special education student the previous year. I told the teacher located next door to my classroom, and he told me he was surprised to learn that the student was still in the building.

Page 16 of 20

The same student had either tried to attack him or did attack him. Therefore, he thought the student had been expelled. This was one of the teachers who taught in our Legal Program at the school. On another occasion while on hall duty I noticed one of my students (special education) was in the hallway cursing out one of the teachers. She seemed as though she was going to fight the teacher. The security guards escorted the student to the Administrator. However, the teacher told me the student curses her out almost daily. The student had acted as though she was going to attack her.

She had made several requests to have the student removed but she had not been successful. When students who are known to be violent are placed in your classroom consistently, then everyone should know the teacher may get hurt. At one point I had as many as 13 special education students in one class period. A Special Education Teacher with a Bachelors and a Masters degree, may not have that many students in one class period. If they have been assigned 13 students that might be the entire class for that period. I had the 13 special education students plus at least 13 or 14 more regular education students in one class period. If the students weren't violent and disruptive that class assignment may not be too difficult for a teacher to manage. The Administration at Eastern provided the environment increasing the opportunity for a student to hurt me. That's just what happened. DCPS is morally responsible for my injury; and due to the DC Law under DC Statute 1-623. Therefore they should continue to pay my salary for my injury until the Doctor states I can return to work full-time. I only included this information about the students' negative and violent behavior because this represents a small population of the students. The majority of the students I have taught and seen in school have exhibited good and positive behavior. When Administrators hand pick the violent students and place them in a teacher's classroom they should be aware that it is a possibility that the teacher may get injured and may have to be placed on Workman's Compensation.

It's such a shame that people receive different treatment when they have a disability. I have been diagnosed with PTSD but that does not impair my thinking ability nor does it diminish my ability to teach. I have assisted my children with their Science Projects and they have placed in their Science Fairs. I recently assisted a student who was reading below level and having difficulty in school. I was working on developing a Corrective Reading Program. I used the reading program with this student. We completed an intensive 6 weeks reading program on the weekend. I am happy to say the student reads just past his grade level and is performing academically much better in school. That is what his teacher told his Mom.

20. Judge Carney remanded my claim to DCORM on approximately 11/05. DCORM's delay in accepting and paying on my claim on 1/13/06, nearly coincided with their Court date on 1/24/06. It just seems if Judge Carney remanded my claim to DCORM on approximately 11/15/05, that I could expect a response from them earlier than 1/13/06. Since it was at DCORM's insistence that my claim be remanded to their office so that they would be allowed to make a Final Determination on my claim.

**WHEREFORE,** Plaintiff, Margaret Deschamps respectfully prays that this Court will issue an injunction enjoining the defendant from continuing to violate my Due Process Rights and giving me a lack of notice in regards to terminating my Workman's Compensation Claim. I am requesting that the Court will award plaintiff such additional or alternative relief as may be just, proper, and equitable, including costs.

Respectfully submitted,


_Margaret Deschamps_     2/12/08
Margaret Deschamps, PRO SE
P. O. Box 3550
Clinton, Maryland 20735

# CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008, I served a true copy of a **MOTION FOR PERMISSION TO FILE A PRELIMINARY INJUNCTION AGAINST DEFENDANTS DUE TO A LACK OF NOTICE AND A VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS**

In case of (Civil Action No. 01 - 1484) (CKK) on the following persons:

**Mayor Adrian Fenty**
**District of Columbia Public Schools**
**825 North Capitol Street, N. E.**
**Washington, D. C. 20003**

**Ms. Michelle Rhee, Chancellor**
**District of Columbia Public Schools**
**825 North Capitol Street, N. E.**
**Washington, D. C. 20002**

**Ms. Kelly Valentine**
**Interim Chief Risk Officer**
**DCORM**
**441 - 4th Street, N. W.**
**Washington, D. C.**

**Ms. Johnnie Winslow**
**Interim Chief Risk Officer**
**DCORM**
**441 - 4th Street, N. W.**
**Washington, D. C.**

**Ms. Nina Hill**
**Senior Claims Adjuster**
**DCORM**
**441 - 4th Street, N. W.**
**Washington, D. C.**

**Ms. Pamela Smith, Attorney**
**Assistant Attorney General**
**441 4th Street, N. W., Suite 1060N**
**Washington, D. C. 20001**

Page 19 of 20

Margaret Deschamps   Pro Se                                  Date

Page 20 of 20

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**MOTION FOR PERMISSION TO FILE A PRELIMINARY INJUNCTION AGAINST DEFENDANTS DUE TO A LACK OF NOTICE AND A 5th AMENDMENT VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS; DEFENDANTS ARE IN NON-COMPLIANCE TO DC STATUTE 1-623, AND THE 5TH AMENDMENT DUE PROCESS CLAUSE OF THE CONSTITUTION.**

## COMPLAINT

**Comes now,** the plaintiff, Margaret Deschamps, appearing PRO SE, and for a complaint against the defendants above names, states, alleges and avers as follows:

Please find the following documents from the United States District Court from the District of Columbia Clerk's Office, and the cover page for the Lawsuit showing the Court's Stamp.

I misunderstood the DC Employment Justice Center sending me information as a person being a party to the Lightfoot Class Lawsuit. I thought that meant I had been certified and actually included as a member of the Lightfoot Class Action Suit. I called the DC Justice Center this morning, 2/12/08, to clarify my status. I was told I am not a member of the Lightfoot Class Action Suit: I am only a "Potential Member of the Lightfoot Class Action Suit". Since I have not been certified yet as a class member. Therefore, I am asking for permission to properly file my Lawsuit as a Citizen of the United States of America, whose Due Process Rights have been Violated under the 5th Amendment of the United States Constitution of America, and under DC Statute 1-623.

I have been hospitalized on four (4) separate occasions for PTSD, caused by my job related injury. I am entitled to Workman's Compensation Disability payments under DC Statute 1-623, as a result of my job related injury. I am still under my Doctor's Care, and the Defendants in charge have been given a copy of my updated Doctor's Certificate. I am to see the Doctor again in April of 2008 for my next scheduled Doctor's Appointment. I am experiencing a hardship. My Employment with DCPS is my sole source of income, and it has been my only source of income for the last approximately 10 years. I was re-hired by DCPS and signed my Teacher's Contract with DCPS in approximately 1999.

Since time is of the essence, I am forwarding a copy of the Motion Requesting permission to file my lawsuit, the fee waiver request, and a Motion for the Preliminary Injunction are included in the same envelop

Since Defendants are non-compliant with the Laws stated in DC Statute 1-623, and in regards to the Laws guaranteed by the 5th Amendment of the Constitution of the United States under the Due Process Clause, I am asking that the Defendants be responsible for paying all court costs and charges associated with the filing of this Lawsuit that I am filing in the United States District Court in regards to this matter.

08  0347

**FILED**

FEB 2   2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**WHEREFORE**, Plaintiff, Margaret Deschamps respectfully prays that this Court will accept my request to allow me to file my injunction enjoining the defendants from continuing to violate my Due Process Rights and giving me a lack of notice in regards to terminating my Workman's Compensation Claim.

Margaret Deschamps  PRO SE   2/12/08

United States District Court
For the District of Columbia
Clerk's Office
333 Constitution Avenue, N.W.
Washington, D.C. 20001

February 7, 2008

Margaret Deschamps
P.O. Box 1350
Clinton, MD 20735

Re: 01cv1484 CKK

LIGHTFOOT, et al v. DC, et al

Dear Margaret Deschamps:

Per Judge Koller-Kotelly, your filing cannot be filed in the above referenced case because you are not a party to the *Lightfoot* action. If you believe that you are a member of the *Lightfoot* Class, you should contact Class Counsel to discuss whether you have a Class Claim.

Thank you,

Tawana Davis, Case Administrator, Deputy Clerk *T. Davis*



UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA WASHINGTON, D.C.

MARGARET E. DESCHAMPS )
)
)
Plaintiff )  CIVIL ACTION NO.: 01-1484 (CKK)
)  Regarding Lightfoot et al v District of Columbia
v )
)
DISTRICT OF COLUMBIA )
(DCORM/DCPS) )
)
and )
)
D.C. Mayor Adrian M. Fenty )
)
and )
)
MICHELLE RHEE, )
D.C. SCHOOL CHANCELLOR )
)
and )
)
KELLY VALENTINE )
Director, D.C. Office of Risk Management )
)
and )
)
NINA HILL, Claims Adjuster )
D.C. Office of Risk Management )
)
and )
)
JOHNNIE WINSLOW, Claims Adjuster )
D.C. Office of Risk Management )
)
ATTORNEY PAMELA SMITH )
DC Personnel and Labor Relations Office )
Defendants )
)
)

RECEIVED

FEB 25 PM 4: 35

CLERK
US DISTRICT COURT

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

*MARGARET E. DECHAMPS*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ~~88888~~
**(EXCEPT IN U.S. PLAINTIFF CASES)**

*PRO SE N/P*

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**DEFENDANTS**

*DC, ET AL*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRA

ATT

Case: 1:08-cv-00347
Assigned To : Walton, Reggie B.
Assign. Date : 2/27/2008
Description: Civil Rights-Non-Employ.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
    Plaintiff

■ 3 Federal Question
    (U.S. Government Not a Party)

□ 2 U.S. Government
    Defendant

□ 4 Diversity
    (Indicate Citizenship of Parties
    in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

□ **A. Antitrust**

□ 410 Antitrust

□ **B. Personal Injury/**
**Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

□ **C. Administrative Agency**
**Review**

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

□ **D. Temporary Restraining**
**Order/Preliminary**
**Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

□ **E. General Civil (Other)** OR □ **F. Pro Se General Civil**

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien
    Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or
    defendant

□ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of
    Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational
    Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC
    Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt
    Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/
    Exchange
□ 875 Customer Challenge 12 USC
    3410
□ 900 Appeal of fee determination
    under equal access to Justice
□ 950 Constitutionality of State
    Statutes
□ 890 Other Statutory Actions (if not
    Administrative Agency Review
    or Privacy Act)

| □ **G.** *Habeas Corpus/ 2255* | □ **H.** *Employment Discrimination* | □ **I.** *FOIA/PRIVACY ACT* | □ **J.** *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ **K.** *Labor/ERISA (non-employment)* | ■ **L.** *Other Civil Rights (non-employment)* | □ **M.** *Contract* | □ **N.** *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>■ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

■ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

---

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 USC 1983*

---

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** □ YES   ■ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    □ YES   ■ NO    If yes, please complete related case form.

| **DATE** 2.31.08 | **SIGNATURE OF ATTORNEY OF RECORD** *NCO* |
|---|---|

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.      CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.      RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd