**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **MARGARET E. DESCHAMPS** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Civil Action No.: 1:08-CV-00347** |
| | | **Judge Reggie B. Walton** |
| **DISTRICT OF COLUMBIA** | * | |
| **(DCORM/DCPS),** *et al.* | | |
| | * | |
| **Defendants** | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT NINA HILL'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Defendant, Nina Hill ("Defendant" or "Hill"), by her attorneys, Thomas V.

McCarron and Semmes, Bowen & Semmes, pursuant to Rule 4(h) of the Federal Rules of Civil

Procedure, hereby files this Motion to Dismiss Plaintiff's Complaint, and with good cause states:

1.      This is a *pro se* action brought by Plaintiff, Margaret, E. Deschamps ("Plaintiff"

or "Deschamps"), a teacher in the District of Columbia public school system ("DCPS"), against

Hill and six other Defendants[1] alleging statutory and constitutional violations and seeking

injunctive relief and benefits arising out of her workers' compensation claim.

2.      The Complaint must be dismissed as to Hill pursuant to Fed.R.Civ.P. 12(b)(5)

because the Plaintiff has failed to properly serve the Summons and Complaint upon Hill.

---

[1]In addition to Hill, the Plaintiff has also named as Defendants the following: District of Columbia (DCORM/DCPS), Washington, D.C. Mayor Adrian M. Fenty, Michelle Rhee (D.C. School Chancellor), Kelly Valentine (Director, D.C. Office of Risk Management); Pamela Smith (attorney with the D.C. Personnel and Labor Relations Office); and Johnnie Winslow (D.C. Office of Risk Management).

-1-

3.      Plaintiff's Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) as this Court lacks subject matter jurisdiction in light of the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), D.C. Code Ann. §§ 1-601.01 *et seq.*

4.      The Complaint must also be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) as it fails to state a claim upon which relief may be granted.

5.      The Complaint must be dismissed pursuant to Fed.R.Civ.P. 8 because it fails to provide a short and plain statement of the claim, and is not sufficiently concise and direct with regard to the allegations against Hill.

6.      Defendant incorporates the attached Memorandum in Support of her Motion to Dismiss Plaintiff's Complaint as if fully stated herein.

WHEREFORE, Defendant, Nina Hill, respectfully requests that this Honorable Court grant her Motion to Dismiss Plaintiff's Complaint, and dismiss Plaintiff's Complaint against her, with prejudice.

Respectfully submitted,


_____/s/_____
Thomas V. McCarron, Bar No. 465948
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 539-5040

***Attorneys for Defendant, Nina Hill***


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March, 2008, a copy of the foregoing

-2-

Defendant Nina Hill's Motion to Dismiss Plaintiff's Complaint, Memorandum in Support

thereof, and proposed Order were served, via e-filing and/or first-class mail, postage prepaid, on:

Margaret E. Deschamps
2776 Fleets Bay Road
White Stone VA 22578
*Pro Se* Plaintiff

_____/s/_____
Thomas V. McCarron

B0788965.WPD

-3-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **MARGARET E. DESCHAMPS** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Civil Action No.: 1:08-CV-00347** |
| | | **Judge Reggie B. Walton** |
| **DISTRICT OF COLUMBIA** | * | |
| **(DCORM/DCPS)**, *et al.* | | |
| | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of Defendant Nina Hill's Motion to Dismiss Plaintiff's Complaint, Memorandum in Support thereof, and any Opposition filed thereto, it is this _____ day of _____, 2008, hereby

**ORDERED**, that Defendant Nina Hill's Motion to Dismiss Plaintiff's Complaint be and hereby is GRANTED, and it is

**FURTHER ORDERED** that Plaintiff's Complaint be and is hereby dismissed, with prejudice, as to Defendant Nina Hill.

_____
JUDGE, United States District Court for the
District of Columbia

B0788963.WPD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

MARGARET E. DESCHAMPS            *

          Plaintiff            *

v.            *            Civil Action No.: 1:08-CV-00347
                              Judge Reggie B. Walton

DISTRICT OF COLUMBIA            *
(DCORM/DCPS), *et al.*

                      *

          Defendants
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF DEFENDANT
## NINA HILL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

    The Defendant, Nina Hill ("Defendant" or "Hill"), by her attorneys, Thomas V. McCarron and Semmes, Bowen & Semmes, hereby submits this Memorandum in support of her Motion to Dismiss Plaintiff's Complaint and, in support thereof, states:

## I.    INTRODUCTION

    This is a *pro se* action brought by Plaintiff, Margaret, E. Deschamps ("Plaintiff" or "Deschamps"), a teacher in the District of Columbia public school system ("DCPS"), against Hill and six other Defendants[1] alleging statutory and constitutional violations and seeking injunctive relief and benefits arising out of her workers' compensation claim.

    Although the Complaint makes it virtually impossible to decipher the specific claims against Hill, or any of the other Defendants for that matter, and is, in the end, fatally

---

[1]In addition to Hill, the Plaintiff has also named as Defendants the following: District of Columbia (DCORM/DCPS), Washington, D.C. Mayor Adrian M. Fenty, Michelle Rhee (D.C. School Chancellor), Kelly Valentine (Director, D.C. Office of Risk Management); Pamela Smith (attorney with the D.C. Personnel and Labor Relations Office); and Johnnie Winslow (D.C. Office of Risk Management).

imprecise, the gravamen of the Complaint seems to be that the Plaintiff was improperly denied workers' compensation benefits. A copy of the Complaint is attached hereto as *Exhibit A*.

Specifically, the Complaint alleges that Plaintiff is entitled to workers' compensation benefits arising out of her alleged post-traumatic stress disorder ("PTSD"). The Complaint appears to lay blame for the alleged termination of her workers' compensation benefits on the Defendants' purported failure to adequately handle her workers' compensation claim, alleging that Plaintiff was entitled to notice and a hearing from the District of Columbia before her workers' compensation benefits could be terminated. Accordingly, Plaintiff alleges that she has been deprived of her rights under the Due Process Clause of the Fifth Amendment and under § 1-623 of the D.C. Code. The Complaint appears to only seek relief from the District of Columbia; there is no specific relief sought against Hill.

Hill hereby moves to dismiss the Plaintiff's Complaint, in its entirety on the following grounds.[2] First, the Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) because the Plaintiff has failed to properly serve the Summons and Complaint upon Hill. Moreover, Plaintiff's Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) as this Court lacks subject matter jurisdiction in light of the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), D.C. Code Ann. §§ 1-601.01 *et seq.* The Complaint must also be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) as it fails to state a claim upon which relief may be granted. Finally, the Complaint must be dismissed pursuant to Fed.R.Civ.P. 8 because it fails to

---

[2] By filing this Motion to Dismiss, Hill does not waive service of process or her right to proper service of process. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 n.42 (D.C. Cir. 1987) (noting that a waiver occurs when a defendant files either an Answer or a pre-Answer Motion to Dismiss *without* challenging the sufficiency of the service).

provide a short and plain statement of the claim, and is not sufficiently concise and direct with regard to the allegations against Hill.

## II.    STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is warranted only if it appears beyond doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The threshold determination in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1984), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

When challenging the sufficiency of a pleading's allegations of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the standard of review is substantially the same as that used to evaluate Rule 12(b)(6) motions. *See Vanover v. Hantman*, 77 F.Supp.2d 91, 98 (D.D.C. 1999). The court must accept as true all of plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff; however, the court does not need to accept as true the plaintiff's legal conclusions. *See Alexis v. District of Columbia*, 44 F.Supp.2d 331, 336-37 (D.D.C. 1999).

## III.    ARGUMENT

### A.    *The Complaint Must Be Dismissed Pursuant To Rule 12(b)(5) Of The Federal Rules Of Civil Procedure Because The Plaintiff Has Failed To Properly Serve The Summons And Complaint Upon Hill.*

Plaintiff's Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) because the Plaintiff has failed to serve the Complaint in compliance with Rule 4(h)(1) of the Federal Rules

of Civil Procedure.

Hill is an individual Defendant.  Accordingly, Rule 4(e) of the Federal Rules of Civil

Procedure controls the manner in which service is to be effected on Hill.  This Rule provides:

> **(e) Serving an Individual Within a Judicial District of the United States.**
> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>> **(2)** doing any of the following:
>>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>>> **(B)** leaving a copy of the each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e) (2008).

Because this Court is located in the judicial district for the District of Columbia, and as

provided above in Fed.R.Civ.P. 4(e)(1), the question of whether service has been properly

effected must also be decided by reference to District of Columbia Superior Court Civil Rule

4(e), which controls service upon individuals within the United States.  This Rule, almost

identical to Fed.R.Civ.P. 4(e), provides:

> (e) *Service upon individuals within the United States.*  Unless otherwise provided by law, service upon an individual from whom an acknowledgment has not been obtained and filed, other than an infant or an incompetent person, may be effected in any part of the United States:
> (1) pursuant to District of Columbia law, or the law of the state

4

or territory in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of that state or territory; or
(2) by delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process.

Superior Court Rule 4(e) (2007).

In this case, on March 10, 2008, a Process Receipt and Return for Hill was left with Jacqueline Orr ("Ms. Orr"), Vice President of Operations for Sedgwick CMS ("Sedgwick"), on District of Columbia Government property located at 441 4th Street, N.W., Washington, D.C. 20001. *See* Affidavit of Jacqueline Orr, ¶¶ 2, 4, attached hereto as *Exhibit B*. Ms. Orr signed the Process Receipt and Return and later learned that it was associated with a Summons and Complaint in this action for Hill. *See id.*, ¶ 4.

Service of process was not sufficient as to Hill. As Ms. Orr states in her Affidavit, she does not reside at Hill's dwelling house. *Id.*, ¶ 7. Nor was Ms. Orr, at any time, ever authorized by appointment or by law to receive service of process on behalf of Hill, who is a former employee of Sedgwick. *Id.*, ¶¶ 5, 6. Accordingly, Plaintiff's Complaint must be dismissed as to Hill due to insufficient service of process.

**B.** ***Plaintiff's Complaint Must Be Dismissed Pursuant To Rule 12(b)(1) Of The Federal Rules Of Civil Procedure As This Court Lacks Subject Matter Jurisdiction In Light Of The District Of Columbia Comprehensive Merit Personnel Act.***

Plaintiff's Complaint must be dismissed with prejudice as to Hill pursuant to Fed.R.Civ.P. 12(b)(1) because this Court lacks subject matter jurisdiction in light of the CMPA. The Plaintiff, an employee of the DCPS, alleges violations of § 1-623 of the D.C.

Code which relates to disability compensation under the CMPA.[3] Plaintiff's claims brought in this Court must be dismissed because the CMPA preempts those causes of action.

As its title conveys, the purpose of the CMPA is to set out a comprehensive system of public personnel administration that will "provide for a policy of labor-management relations including collective bargaining between the District of Columbia government and its employees." D.C. Code Ann. § 1-601.02(a). The CMPA was enacted to provide employees of the District of Columbia an impartial and comprehensive administrative scheme for resolving employee grievances.[4] *Holman v. Williams*, 436 F.Supp.2d 68, 74 (D.D.C. 2006).

It is settled law that the CMPA was enacted as "a mechanism for addressing virtually every conceivable personnel issue among the District, its employees, and their unions." *District of Columbia v. Thompson*, 593 A.2d 621, 634 (D.C.) (finding that the CMPA barred employee's common law claims from Superior Court), *cert. denied*, 502 U.S. 942 (1991). In accordance with this purpose, the District of Columbia Court of Appeals has consistently reinforced the CMPA's broad preemptive scope. *See Stockard v. Moss*, 706 A.2d 561, 565 (D.C. 1997) (holding that the CMPA implicitly preempts claims by public employees of wrongful treatment and injury cognizable as a "personnel issue," under CMPA's "performance ratings," "adverse actions," and employee grievances" provisions); *Baker v. District of Columbia*, 785 A.2d 696, 697-98 (D.C. 2001) (stating that the CMPA is the

---

[3] District of Columbia employees are not covered by other workers' compensation laws; rather, a comparable system for providing disability benefits has been established under the CMPA. *See Jackson v. District of Columbia Employees' Compensation Appeals Bd.*, 537 A.2d 576, 577 n.1 (D.C. 1988).

[4] The CMPA defines "grievance," in relevant part, as "any matter under the control of the District government which impairs or adversely affects the interest, concerns, or welfare of employees . . . ." D.C. Code Ann. § 1-603.01(10). Plaintiff's claim regarding her workers' compensation benefits falls within the broad definition of "grievance," and thus must be pursued under the CMPA.

exclusive remedy for District of Columbia; "the Superior Court is not an alternative forum . . ., but rather serves as a last resort for reviewing decisions generated by CMPA procedures"); *see also Lattisaw v. District of Columbia*, 905 A.2d 790, 793 (D.C. 2006) (affirming dismissal of plaintiff's defamation suit based on CMPA preemption). In fact, the District of Columbia Court of Appeals has found the CMPA's preemptive scope to be so broad that even when a substantial question exists as to whether CMPA applies (for example, if it is unclear whether the CMPA embraces a particular type of claim) an aggrieved employee must nevertheless follow the CMPA's procedures. *See White v. District of Columbia*, 852 A.2d 922, 926-27 (D.C. 2004) (dismissing plaintiff's fraudulent misrepresentation claim based on CMPA preemption). Thus, the District of Columbia Court of Appeals has consistently held that, with only one exception,[5] the CMPA is the *exclusive* avenue for aggrieved employees of the District of Columbia to pursue work-related complaints. *Holman*, 436 F.Supp.2d at 74; *see also Baker v. District of Columbia*, 785 A.2d 696, 697-98 (D.C. 2001) (holding that CMPA is the exclusive remedy for D.C. employees and that "the Superior Court is not an alternative forum . . ., but rather serves as a last resort for reviewing decisions generated by CMPA procedures"); *Beeton v. District of Columbia*, 779 A.2d 918, 921 n.6 (2001); *see also Baker v. District of Columbia*, 785 A.2d 696, 697-98 (2001) (stating that because the appellant was a public employee of the District of Columbia, the CMPA was her exclusive remedy for her work-related complaints); *Grillo v. District of Columbia*, 731 A.2d 384, 385 (D.C. 1999) (stating that when a claim is cognizable under the CMPA, it provides the complainant with his exclusive remedy).

Because Plaintiff's claim under § 1-623 of the D.C. Code can only be properly raised

---

[5]The only exception being torts based on a claim of sexual harassment. *See Robinson v. District of Columbia*, 748 A.2d 409, 411-12 (D. C. 2000).

under the CMPA, this action must be dismissed, with prejudice, as to Hill. *See, e.g.,*

*McManus v. District of Columbia*, 530 F.Supp.2d 46, 76-79 (D.D.C. 2007) (holding that

claims brought by District of Columbia employees alleging that defendants engaged in a

conspiracy to violate their rights by depriving them of administrative relief in connection with

benefits derived from employment, including workers' compensation, were preempted by the

CMPA); *Kralick v. District of Columbia Dept. of Empl. Servs.*, 842 A.2d 705, 710 (D.C.

2004) (holding that where petitioner was an employee of the District of Columbia at the time

of injury, her claim for disability compensation was governed by the CMPA).

    C.    ***Plaintiff's Complaint Must Be Dismissed Pursuant To Rule 12(b)(6) Of The Federal Rules Of Civil Procedure Because It Fails To State A Claim Upon Which Relief May Be Granted.***

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Plaintiff's Complaint wholly fails to allege any facts that might provide insight into the

parameters of Plaintiff's claims as they relate to Hill. Moreover, Plaintiff cannot assert any

claims for constitutional violations against Hill as there is no private right of action against

private individuals for such violations.

    1.    ***Plaintiff's Complaint Fails To Allege With Any Particularity How Hill Violated Plaintiff's Constitutional Or Statutory Rights.***

In her Complaint, the Plaintiff fails to describe with any particularity how Hill had

anything to do with violating her constitutional and/or statutory rights. Without this, the

Complaint is simply deficient and must be dismissed.

It is well-established that factual allegations must be enough to raise a right to relief

above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

(2007) (stating that a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to

relief" requires more than labels and conclusions, and that courts are not bound to accept as

true a legal conclusion couched as a factual allegation); 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1216, pp. 236-36 (3d ed. 2004) (stating that "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").

Plaintiff's Complaint makes no allegation that Hill had anything whatsoever to do with the District of Columbia workers' compensation claim process. Accordingly, as to any claims related to the alleged unlawful denial of workers' compensation benefits, Plaintiff alleges no genuine controversy against Hill. *See Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (stating that a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court). Moreover, judicial review of disability compensation orders, including workers' compensation, pertaining to District of Columbia employees may only be pursued in the District of Columbia Court of Appeals. *See* D.C. Code Ann. §§ 1-623.28(b) (2001). In turn, Plaintiff lacks standing to bring such a claim against Hill. Therefore, the claims against Hill must be dismissed.

### 2. *Plaintiff Cannot Assert Any Claims For Constitutional Violations Against Hill As There Is No Such Private Right Of Action Against Private Individuals.*

Plaintiff's Complaint alleges that Plaintiff was deprived of her constitutional rights under the Due Process Clause of the Fifth Amendment. However, a claim alleging a violation of constitutional rights cannot be brought against Hill, a private individual, as there is no private right of action against private individuals for constitutional violations. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 480 (1994) (stating that the Constitution does not restrict the conduct of private entities); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (stating that constitutional claims may not be asserted against a private entity); *Canadian Transport Co. v.*

*United States*, 663 F.2d 1081, 1093 (D.C. Cir. 1980) (stating that "private citizens, acting in their private capacities, cannot be guilty of violating due process rights"); *Richards v. Duke Univ.*, 480 F.Supp.2d 222, 238-39 (D.D.C. 2007) (stating that constitutional protections of individual rights and liberties only apply to actions by governmental bodies and that there is no private right of action to obtain damages from a private entity for constitutional violations); *Pappas v. Eastern Savs. Bank, FSB*, 911 A.2d 1230, 1237 (D.C. 2006) (holding that rights secured by the United States Constitution are protected only against infringement by governments and not private individuals).

It is fundamental that there can be no violation of the Constitution without "state action," which requires that the party charged with the deprivation must be a person who may fairly be said to be a state actor. *See Daniels v. Union Pac. R.R. Co.*, 480 F.Supp.2d 191, 196 (D.D.C. 2007) (stating that there can be no violation of the Constitution without "state action," and state action requires that the party charged with the deprivation must be a person who may fairly be said to be a state actor); *see also Anderson v. Wiggins*, 460 F.Supp.2d 1, 7 (D.D.C. 2006) (finding that the Constitution does not protect against injuries by purely private individuals).

Here, Hill's conduct (to the extent any such conduct was even alleged in the Complaint) cannot be considered "state action." In fact, there is no such allegation within the Complaint that Hill was a state actor in any way. Thus, Plaintiff's Complaint, to the extent it asserts a claim against Hill for constitutional violations, must be dismissed.

D.    *Plaintiff's Complaint Must Be Dismissed Pursuant To Rule 8 Of The Federal Rules Of Civil Procedure As It Fails To Provide A Short And Plain Statement*

*Of The Claim And Is not Concise And Direct With Regard To The Allegations Against Hill.*

Rule 8 of the Federal Rules of Civil Procedure governs the content and format of a plaintiff's complaint. This Rule provides, in pertinent part:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8(a) (2008). Fed.R.Civ.P. 8(d)(1) further requires that each allegation within a pleading be "simple, concise and direct." Fed.R.Civ.P. 8(d)(1) (2008). Enforcement of this Rule is a matter for the trial court's discretion. *See Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004) (stating that Fed.R.Civ.P. 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules).

Plaintiff's Complaint fails to provide a short and plain statement of the claim. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (explaining that Rule 8(a) is intended to give notice to defendants of plaintiff's claim and the grounds on which it rests); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (same); *United States v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 240 (1st Cir. 2004) (stating that a complaint must allege a factual allegation, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory), *cert. denied*, 543 U.S. 820 (2004); *McManus v. District of Columbia*, 530 F.Supp.2d 46, 63 (D.D.C. 2007) (stating that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests).

Plaintiff's Complaint is extremely voluminous; however, it fails to identify: (1) any counts clarifying Plaintiff's causes of action; (2) to which Defendants her claims apply; (3) what administrative remedies have been exhausted by her; and (4) how Hill has denied her due process or how she has violated § 1-623 of the D.C. Code. Plaintiff's failure to include material information in the Complaint with specific regard to Hill does not place her on fair notice of her claim, and hinders her ability to respond to the allegations. Accordingly, the Complaint must be dismissed for insufficiency.

IV.    **CONCLUSION**

For the foregoing reasons, Defendant, Nina Hill, respectfully requests that this Honorable Court grant her Motion to Dismiss and dismiss the Plaintiff's Complaint against her, with prejudice.

Respectfully submitted,


_____/s/_____
Thomas V. McCarron, Bar No. 465948
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 539-5040

*Attorneys for Defendant, Nina Hill*

B0788917.WPD

UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA WASHINGTON, D.C.

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARGARET E. DESCHAMPS )
*2776 Fleets Bay Road* )
*White Stone, Va!* *(301)877-9418* )
    Plaintiff *22578* )
  )
  )
    v )
  )
DISTRICT OF COLUMBIA )
(DCORM/DCPS) )
  )
  )
    and )
  )
  )
D.C. Mayor Adrian M. Fenty )
  )
    and )
  )
  )
MICHELLE RHEE, )
    D.C. SCHOOL CHANCELLOR )
  )
    and )
  )
KELLY VALENTINE )
Director, D.C. Office of Risk Management )
  )
    and )
  )
NINA HILL, Claims Adjuster )
D.C. Office of Risk Management )
  )
    and )
  )
JOHNNIE WINSLOW, Claims Adjuster )
D.C. Office of Risk Management )
  )
ATTORNEY PAMELA SMITH )
DC Personnel and Labor Relations Office )
    Defendants )
  )
  )

Case: 1:08-cv-00347
Assigned To : Walton, Reggie B.
Assign. Date : 2/27/2008
Description: Civil Rights-Non-Employ.

**RECEIVED**

FEB 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT
*A*

**MOTION FOR PERMISSION TO FILE A PRELIMINARY INJUNCTION AGAINST DEFENDANTS DUE TO A LACK OF NOTICE AND A VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS;** Defendants are in non-compliance to DC STATUTE 1-623 and the 5th amendment Due Process Clause of the United States Constitution
**COMPLAINT**

COMES NOW, the plaintiff, Margaret Deschamps, appearing pro se, and for a complaint against the defendants above names, states, alleges, and avers as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to hear Due Process RightsViolations under the 5th Amendment of the United States Constitution and under DC Statute 1-623.

2. This Court has subject matter jurisdiction to hear Lack of Notice Issues regarding citizen's rights under the 5th Amendment of the United States Constitution and under DC Statute 1-623.

A motion for an Injunction is being filed for DCORM/DCPS to stop violating my Due Process Rights and to prevent them from continuing terminating my Workman's Compensation Benefits due to a lack of notice.

## GENERAL ALLEGATIONS

1. My Workman's Compensation Claim was accepted for PTSD on 1/13/06, by a verbal acceptance over the telephone. A check was received once plaintiff contacted Ms. Johnnie Winslow's Supervisor on 1/24/06. A check was sent by overnight express to plaintiff. I had to write to Ms. Valentine (Ms. Winslow's Supervisor) to let her know that Ms. Winslow kept changing the date that I could expect to receive my check over a two week period. The following day after I received my check (1/25/06). I received a termination notice from Ms. Winslow letting me know I would not receive any further payments from DCORM effective 1/25/06. I received

no notice or prior notice from DCORM before terminating my workman's compensation claim.

2. According to DC Statute 1-623 I was supposed to receive at least 30 days notice and I received no notice before terminating me from receiving further payments on 1/25/06. This represents a lack of notice. This is a Due Process Rights violation and the remedy is to reinstate the claimant to the workman's compensation program and reinstate the claimant on their job, and to immediately release the claimants back pay and front pay disability entitlements. I received my termination letter from DCORM around 5pm, on 1/26/06 by regular USPS mail. According to the Due Process Clause the procedure that I am due is notice and a hearing. The Due Process Clause of the 5th Amendment was written to safe guard the rights of Americans to insure the Government and the Public would recognize that people have rights involving property and property interests that may be taken from them.

The 5th Amendment Due Process Clause guarantees that certain rights of the people can only be taken following a specific procedure. That involves notice and a hearing. If rights of the people involve property interests where their only source of income involves a particular job, then before that job may be taken the person does need to have notice and a hearing. At the very least then the procedure that was due me prior to terminating my claim and my job simultaneously is the 30 day prior notice. I did not even receive that. When my termination letter was received on 1/26/06 my claim was terminated and my job was terminated upon receipt of the letter. Where is my 30 days prior notice before taking my entitlements and my job as well? Judge Kotelly-Kotar held where A Due Process Rights Violation exists the remedy is reinstatement of claimants claim, and reinstatement of claimants job, and an immediate release of claimants workman's compensation entitlements with all back pay and front pay monies. I am asking for Judge Kotelly-Kotar's holding to be upheld in my behalf. I have at least 16 years of seniority with DCPS, it is a shame for me to be physically attacked by two male students in my classroom, and then I be placed on Workman's Compensation and then due to a Due Process Rights Violation by DCORM lose my job and all my benefits. I went to school and to College with one goal in mind to become an excellent teacher. I have several degrees which have helped me attain my goal. I never would

have thought after all of my time and effort I would lose me job due to two students physically attacking me and DCPS not coming to my aid to help me recover.

If the property interests or property rights being taken from me involves my only source of income I am also due a hearing and notice prior to taken my property entitlements from me as well as my job. I am a permanent teacher with DCPS, and when my claim was initially accepted by DCORM on 5/04 that reinstated me with my employment. So even though I had an injury which developed from my initial injury, upon payment on my claim or acceptance of my PTSD claim would not constitute a break in service. Therefore, I was still an employee of DCPS when my claim was paid on and accepted on 1/13/06. Dr. Janey requested that I complete an assignment involving reviewing and making necessary changes as I thought necessary. I did send him at least 24 different objectives to be added to the Curriculum because it was an oversight that they were left off. Dr. Janey also had his staff members contact me and I did contact one or two of them regarding DCPS Educational Work. This indicates that I have conferred a benefit on DCPS through completing at least 8 different teachers like tasks while I have been recovering. (2/06 - 8/06) Therefore, DCPS is estopped from saying I am terminated. The fact that I did complete several tasks the most important was the work on the curriculum and the second most important work task was to start a fund-raising drive for DCPS Graduating Seniors so that they would either be given scholarships by colleges and money from very important and influential millionaires and billionaires. These individuals have given some money to DCPS. If I am completing teacher like tasks especially involving the New Curriculum under Dr. Janey's direction and I also prepared a Vocabulary Development program for DCPS to use in preparing the students for the end of the year standardized exam, DCPS is estopped later from saying I am not an employee of DCPS because my Workman's Compensation Funds have been terminated erroneously due to a lack of notice and without any additional medical information which would have warranted a review of my claim at that time on 1/25/06.

3. I am asking the Court to take Judicial Notice of the fact that my PTSD claim was accepted for payment on 1/13/06 by DCORM, and that a check was delivered by messenger service out to me by overnight delivery on 1/25/06. This constitutes payment on my claim: M7BOEDU0048951/LTDCPS03752.

I was concerned about doing a good job and I did an excellent job with students. I received a letter from one of my special education students. He let me know that he was finally happy that I insisted that he complete his Science Project. He went on further to say that he had never performed well in school. In my class it was the first time that he started getting good grades. He also stated he was happy that he had completed his science project and that he had no interest in completing this assignment in the beginning. He told me he learned so much. He and his Mother completed the project together. Based upon this experience, he was a Science Fair Winner. He won a calculator, and he received a science fair certificate. He stated he had never won anything before. He had actually taken so much time in putting his Science Fair Board together. I felt it was good enough to go to the City Wide Science Fair. Based on this one good experience for my student, he went on to write an excellent Science Research paper. I do believe he receive an A on his paper. He emailed his paper to me. Since I was still out on Workman's Compensation. However, I made myself available to my students through the internet. I actually placed notes on my science website for my students. So that I could still explain science concepts to my students. I do have pictures to show my students with their Prizes and their Science Fair Boards. I even have the note the student sent to me.

4. Once a claim has been accepted or paid on it can only be terminated by DCORM when new additional medical information has been submitted to DCORM by either the claimant or by a physician. There was no new additional medical information submitted to DCORM on 1/25/06. The only medical information submitted to DCORM by Dr. Smithpeter was on 5/05. Judge Carney told DCORM's Attorney (Ms. Smith) that she could not enter that document into evidence nor could she make any further reference to it in his Hearing. He disallowed Dr. Smithpeter's document to be used therefore, DCORM could not use this document to terminate me from receiving further payments from DCORM. This document contained one or more forgeries/alterations. It contained information that I did not give to the Doctor. This document stated I go out all of the time as a response that I gave to the Doctor. It was impossible for me to go out all of the time when I was on heavy medication and I had to ask the Doctor to reduce my medication so that I could do some things for myself. My son took me to my Doctor's appointments and my Daughter took me grocery shopping and I usually sat in the car for a year when we went shopping. For an entire year I never did go outside. When I realized I needed fresh air and exercise I started walking around the track. I did try to get DCORM to sign a Medical Release for me due to the request of Dr. Smithpeter.

However, all parties involved with my claim refused to give me a signed medical release so that I could get a copy from Dr. Smithpeter. (Ms. Hill, Ms. Rhee, Ms. Valentine, and Mayor Fenty) Since Judge Carney stated DCORM/DCPS could not use Dr. Smithpeter's IME report, this report should not be allowed to be used to terminate my workman's compensation claim. * For DCORM to terminate my claim without any additional medical information that would warrant a review of my claim on 1/25/06, represents a capricious and arbitrary decision by DCORM. According to DC Statute 1-623 DCORM is not supposed to make capricious and arbitrary decisions in terminating a claimant's claim. Also please note Judge Carney (ADH) remanded my claim back to DCORM so that DCORM could make a Final Determination on my claim per their request. The acceptance that occurred on 1/13/06 represented DCORM's Final Determination on my claim and it was paid on. Therefore, once this acceptance was made it could not be terminated without

new additional medical information that would warrant a review of my claim on 1/25/06. I was told by Ms. Winslow on 1/13/06, that I would have only one claim at that point. Since my PTSD claim arose from my original injury, and that the acceptance of my claim would be retroactive to my initial injury date. This represented a Final Determination made on my claim, which Judge Carney allowed DCORM to make. DCORM stated they had not been given an opportunity to make a Final Determination on my claim. Judge Carney remanded the claim to DCORM so that they could make a Final Determination. On 1/13/06, a Final Determination to Accept and pay on my claim was made by Ms. Winslow for DCORM. Once a Final Determination is made it can't be arbitrarily terminated without any new additional medical information indicating there is a change in my medical condition which would warrant a review of my claim at that time. Once acceptance and payment is made on the claim all other issues become res judicata. Res Judicata insures that all issues have been settled and there are no other issues to be determined. I ask the Court to accept the decision that my claim was accepted and paid on as a Final Determination, on my claim. Therefore, DCORM should continue to pay on my claim until I am released from my Doctor's care to return back to work full-time. I have been released to return to work on a part-time basis for 20 hours a week while under my Doctor's care. The only reason that Judge Carney sent the claim back to DCORM in good faith so that a Final Determination would be rendered on my claim? Therefore, Res Judicata exists on my claim and all issues are settled - because my claim has been accepted on 1/13/06, and again on 5/04 and both were paid on. My PTSD injury arose out of my original injury. Therefore, the injury occurred out of the same occurrence and on the same day. Therefore, this constitutes one claim. I have been hospitalized on four occasions.

I am asking the court to state that all issues are final and have been settled according to Judge Carney's request to make a Final Decision on my claim. I do have a copy of both checks to show that both claims have been paid on. So all issues should be Res Judicata at this point.

5. I am requesting to be paid at 100% of my yearly salary with DCPS on my compensation claim. Judge Kotelly-Kotar indicated that the Lightfoot Class action members were to receive 100% of their salary, with bonuses, salary increases and cost of living increases that I am eligible for. I have received only two checks from the time period of 4/29/03 to the present. The two checks that I have already received were received when Judge Kotelly-Kotar's holding was still in effect. I have not been paid at the 100% rate nor have I been paid every two weeks. I have been paid on 10/04 and 1/06. I am asking for each year that I have been approved with DCORM and the DC Disability Program that I am paid late fees for each year that I am due back pay and front pay monies.

6. I am asking to be reimbursed of all medical expenses relating to my job injury. A request was submitted to Ms. Nina Hill on 1/17/06, and she ignored my request. I have received no medical payments. My initial compensation order stated that my medical expenses would be paid by DC Disability/DCORM. I also submitted a request to be reimbursed for all medical expenses to Dr. Janey, Ms. Winslow, and Ms. Valentine, on 7/24/06. This request was also ignored. This indicates a refusal to reimburse me for medical expenses totaling $12,188.07. Perhaps this represents what Ms. Hill meant when she stated, "We don't pay on stress claims". They made no attempt to pay my medical expenses as promised on my compensation order which stated medical expenses are compensable. I have only been paid two checks since I have been out injured since 4/03.

7. I am asking that it be judicially noted that when I was initially approved for Workman's Compensation on 5/04, that I had been officially reinstated with DCPS at that time. Therefore, payment on my claim and acceptance of my PTSD claim on 1/13/06, did not allow for a break in service. After completing Teacher Like tasks for Dr. Janey under his direction and with his knowledge DCPS is estopped from saying I am not an employee of DCPS, during the period of 2/06 - 8/06. The wrongful termination should not stand because there was no new additional medical information that would warrant a review of my claim at that time on 1/25/06, and a

capricious and arbitrary decision is not allowed to be made on a workman's compensation claim based upon DC Statute 1-623. As a DCPS employee I am entitled to all the benefits and entitlements that DCPS offers their permanent teachers. This is in accordance with Judge Kotelly-Kotar's holding that was in effect on 1/13/06, in regards to having all the benefits and entitlements reinstated due the individual that their job offers. I am asking to be reinstated to DCORM's Workman's Compensation Program because my Due Process Rights were violated and capricious and arbitrary decisions are not to be made based upon someone's whim. According to DC Statute 1-623 in assessing and evaluating and determining a claimant's claim, there must be new additional medical information indicating that there is a change in the claimant's medical condition that would warrant a review of the claimants claim at that time.

I am requesting that the Court award Plaintiff $50,000 in punitive damages because DCORM/DCPS continued to not administer my Workman's Compensation Claim properly. I was to be paid every two weeks even if a problem was discovered I could have been compensated while we attempted to work out the problem. Rather than not pay me for extended periods of time. Some one made an error in terminating my claim after it had just been accepted on 1/13/06, terminating my claim without new additional medical information. Also they intentionally failed to give me the appropriate 30 days prior notice, even though DC Statute 1-623 states that I receive adequate notice. I received no notice at all. After bringing this to the attention of DCORM and DCPS no one made an attempt to correct the wrongful termination on my claim. Even under the 5th Amendment Due Process Clause, I am due adequate notice but I was given no notice at all prior to terminating me from receiving further entitlements.

The remedy for procedural Due Process errors and capricious and arbitrary decisions is to reinstate the claimant to the Workman's Compensation Program, reinstate the claimant on their jobs if the erroneous determination occurred by approximately 1/24/06, and to release all of claimants back pay monies and front pay monies. I have sent numerous requests to DCORM, Mayor Fenty, Ms. Rhee, Ms. Valentine, Dr. Janey, Ms Nina Hill and no one did anything to

correct this Due Process Rights Violation existing on my claim. The last comment I received a couple of weeks ago from Ms. Rhee or her Assistant is that they will get back to me. I have tried to mediate the problem to get my money released but I have been left with no recourse but to file a Civil Action in court for an Injunction, against DCPS/DCORM. I am also asking for $50,000 in punitive damages because both DCORM and DCPS have had many opportunities to remedy the situation but they chose not to. I requested that Judge Carney have DCORM pay me Damages for failing to pay on my claim, he stated I would have to go to the Big Court to receive damages on Due Process Issues. He stated his Court is a small court they don't hear issues involving Due Process Violations. So I am filing my request with the Appropriate Court who can hear issues involving Due Process Rights Violations. I am asking for $50,000 for DCORM/DCPS violating my Due Process Rights in punitive damages. I have missed out on plenty of opportunities to update myself academically with Supervisory Education Courses, but with barely enough money to pay my immediate bills I had no money to do anything with. My phone has been cut off for non payment due to a lack of money but no one seemed to care. I did contact DCORM, Dr. Janey, and Ms. Rhee to let them know I was experiencing a hardship and I needed money to pay my bills but no one responded to help. In the Lightfoot case the Judge told DCORM to follow the 30 days Prior Notice policy before taking claimant's workman's compensation entitlements. That was at least 4 years ago. So apparently they do not care about the Judge's ruling. I have never received bi-weekly payments on my claim. In fact I have only received two checks from DCORM; one on 1/06 and the second check was issued on 10/04. My claim was accepted on 5/04, and I had to hire an attorney on 10/04 to get my check released.

Also DCORM/DCPS was told not to use Dr. Smithpeter's IME Report because it was untimely and the Judge did not have an opportunity to authenticate the Document. We were to submit all documents that we wanted to be introduced in the Hearing and it was not submitted during the Discovery Process. This document was given to the Judge just moments before the Hearing started. Therefore, it was disallowed. Further the document had been altered or tampered with because I did not give the Doctor that response stating I go out all of the time. How could I go out all of the time when I was on heavy medication? I asked the Doctor to reduce my medications

so that I could do things for myself. My daughter would take me grocery shopping and most of the time I remained in the car; my son took me to my Doctor's appointments initially. Dr. Smithpeter's medical document was used to terminate me from receiving further workman's compensation payment. Dr. Smithpeter sent this document to DCORM on 5/05. So on 1/25/06 when someone stated they received new additional medical information on my claim which caused them to review my claim someone lied. All of the Doctors had already sent their medical reports to DCORM by 5/05. So there was no additional medical information on which to review my claim on 1/25/06. No additional medical information existed.

I am asking for an immediate release of all of my front pay and back pay monies released immediately. I am also asking that I receive bi-weekly payments that were specified in Judge Kotelly-Kotar's holding which I have never received throughout the duration of my claim. I might add Ms. Nina Hill did tell me when I faxed a copy of the Judges Order to her because she had not been given a copy of it, "that they don't pay on stress claims".

8. I am requesting that $7000 be taken out of the monies due me for the school year 8/05 - 6/06, and $7000 to be taken out of my money for the school year 8/06 - 6/07and placed in my teacher retirement fund with Met-Life. I am also requesting that Union Dues be taken out of my money for this school year 8/07 - 6/08. My Doctor stated I can work for 20 hours a week at DCPS at this time. I still have a scheduled Doctor's appointment for next month (2/08). By paying my Union Dues that will allow me to take advantage of the Union's Health Option Package for Teachers. (Prescription Program, Eye Glass Program, Dental and Pre-Paid Legal Program)

9. I am requesting that if there are any additional Court Fees involved with me filing this Injunction that it be paid by the Defendants due to the erroneous termination.

10. I am also asking the Court that if there is an additional transfer of my claim that DCORM will not use that as an opportunity to terminate my claim. In the past when a company wins the

contract to handle DC's Workman's Compensation Program my claim seems to either be terminated or just suspended. (Where payment is not made on the claim at all) I am hoping that won't happen again. I need to be able to expect bi-weekly paychecks until I am released to return to work. According to Judge Kotelly-Kotar's holding every claimant was to receive payments every two weeks, and I have never received payments every two weeks.

11. Also, I noted that on our initial Pre-Hearing form that was submitted to Judge Carney, Dr. Smithpeter's IME report was not placed on The Employer's Document. Maybe that's why Judge Carney did not accept it. I believe it was requested by ADH that we get all exhibits and documents to be used in Court approximately on 7/05. If we did not get documents included during discovery and in to the Court by that time I think it would have been too late to get a document admitted into evidence on the day of the Hearing. Perhaps that's why Dr. Smithpeter's IME document was not allowed to be used in the Hearing. I know Judge Carney did not authenticate the document because it was not allowed to be entered into evidence.

12. Also it was mentioned in the Lightfoot case, I am a member of the Lightfoot case, something concerning Housing Payments. I have asked DCORM if housing payments or Housing Certification applied to me and I never received an answer. I would like to know if Housing Certification Payments apply to me. Do I have a right to expect housing certification payments under the DC Disability Program/DCORM? If I do have a right to request them I am asking to be considered for those payments from 4/29/03 - 1/22/08 (to the present time) (potential member of the Lightfoot case).

13. Also I noted that the Defendants were back in Court on 1/24/06. Just a day before I received their termination letter. Whatever changes that occurred in the Lightfoot case that would diminish what the claimants could reasonably expect to receive should not affect the acceptance and payment on my claim on 1/13/06. I am still an employee of DCPS by mandate of the Judge's ruling on 1/13/06, whereas on 1/24/06 I might not be considered an employee. On 1/24/06, DCPS would have the option of reinstating me as an employee if they wanted and this would terminate

Case 1:08-cv-00347-RBW    Document 1    Filed 02/27/2008    Page 13 of 24

me is a permanent teacher with DCPS. Since there was no new additional medical information existing on 1/25/06, then DCORM could not terminate me nor would they have the right to re-evaluate or review my claim on 1/25/06 without any new additional medical information. All Doctors including Dr. Smithpeter had submitted all of their medical reports and medical letters by 5/05. Therefore if they could not review my claim on 1/25/06, due to a lack of new additional medical information then my claim is not terminated. Also Judge Carney disallowed Dr. Smithpeter's IME medical document. I shared this information with DCORM on 1/06. So to do what the Judge asked you not to do, wouldn't that mean that DCORM is in Contempt of Court. Additionally they were told by Judge Carney to make a Final Determination on my claim. They did make a Final Determination to accept and pay on my claim. I have a copy of the check to show payment was made on my claim on 1/13/06. The only claim remanded to DCORM of mine was the PTSD claim. So what other claim could they have made a decision on to pay on accept the issue that was before the court in the Administrative Hearing? Here again they did not follow the Judge's request - if you make a final determination on a claim how can you just ignore it and then make a second final determination to terminate the claimant's claim using a document that he already stated you were disallowed in using on 1/25/06.

14. I am requesting that DCORM/DCPS pay my workman's compensation claim immediately with all back pay and front pay monies. I am also requesting that all medical expenses be paid and my $50,000 punitive damages amount be paid within 24 hours of this request. DCORM has the capability of preparing and paying a check within 24 hours. So I am expecting total payment on my claim within 24 hours. That's how I was paid the last time on 1/25/06, after DCORM/DCPS left Court on 1/24/06.

15. I am a member of the Lightfoot Class Action Suit. (A potential member of the Lightfoot Class Action Suit.

16. Ms. Rhee, Ms. Valentine, Ms. Hill, and Ms. Wiggins were sent a current Doctor's certificate in 9/07, and on approximately 11/07, to let them know I am available and waiting to be called

back to work at the District of Columbia Public Schools, as a Biology Teacher. I did request to teach AP Biology or AP Environmental Science this school year. I did submit a copy of my teaching syllabus to the College Board in September. I did ask DCPS, if I could be given a school number which would allow the College Board to approve my syllabus for the school year 8/07 - 6/08, and I would be approved by the College Board for this year and any additional school years that I would like to teach the AP courses. I had planned to teach AP Biology or AP Environmental Science this school year. However, I was told by my Human Resources Personnel Specialist that Ms. Rhee was in charge of hiring at this time. I have not heard from Ms. Rhee regarding when I will be called back to work for the 20 hours a week that the Doctor has allowed me to work with DCPS. Eventhough, I can only work part-time this does not excuse DCPS from paying me full-time, while I am still with the Workman's Compensation Program. Since they have not called me back to report to work at this time. I have been available per my Doctor's request that I can return back to work for 20 hours a week to teach. Since DCPS has failed to have me report to work part-time in my full-time permanent Biology teaching position I am requesting that the Court let DCPS know they are responsible for paying me my full-time pay until I am released to return to work full-time by my Doctor. My injury was caused because DCPS failed to provide a safe working environment for me. I honestly feel students were "encouraged" to misbehave in class due to the fact that the Administrators failed to discipline the students on my behalf. I sent students out when they misbehaved; the Administrator in charge sent the student's right back to class undisciplined. For an example one student got up from his seat while the students and I were engaged in an activity - reading and answering questions from our textbook. He raised a fish bowl over top of my head as if he was going to hit me with it. The students yelled out, "Don't do that ____". I sent the student out to be disciplined by his Administrator. I met with the student, his mom, and the Administrator. The Administrator told the student he could return back to class because he did not do anything wrong. The Administrator apologized to the parent for having the parent come down to the school for the parent, teacher and administrator's conference. I asked that the student be removed from my class. The parent insisted since the student was doing so well she did not want the student removed from my class. The student returned to class angry and upset. He had a plastic soda

bottle banging it against the walls, and on student desks. He finally banged the bottle on my desk. He kept stating do you want some of this. Do you want some of this - he was ready to fight me. Generally when a conference is required involving a Special Education Student the Special Education representative is present or the student's special education teacher. This is done so that recommendations might be made by the student's special education representative that is in the best interest of the student and a workable plan to change the student's behavior can be arrived at. To be honest I was hired to teach in the Legal Program and the Health Science Program at Eastern. These students were in the talented and Gifted Program. I noticed more of the Talented and Gifted students were taken from me and I was given students requiring more discipline, and students whose reading levels were approximately 5.0 - 7.0. I did notice when I worked with the students at the end of the school year the students were reading about 7.0 - 9.0. Most students' behavior did improve. That's why I was quite surprised when my students attacked me in my classroom. They were angry and they stated one student who had been out of school received a passing grade while their girl friend failed the class that advisory. It's just difficult to pass a student who refuses to even open up a book or hardly even turns in an assignment. The students did not understand when a student is out of school on a medical excuse, they still have a right to get the class work and complete the class work for a grade. Which is why the student they were referring to passed that grading period and the other student did not pass? When I just happen to see some of my students they have become managers of companies, some have started their own businesses and some have gone to college with an intent to become Lawyers, Doctors and Nurses.

17.    I was told I was Grandfathered in to DCPS in 1984. Which meant if policies changed I would not be affected by them? So I am asking the Court to apply the Grandfather Clause of 1984 involving my termination with the Workman's Compensation Program of the District of Columbia. I am sure those policies stated if an employee is injured any injury arising from their initial injury will be viewed as the same as the original injury. An injury occurring on that same day and from that same occurrence would be viewed as one claim. That way my job would be safeguarded as well as my workman's compensation entitlements.

Page 15 of 20

18. I am requesting that the Court have DCPS certify my pay showing the monies that I am due as well as the monies that I have been paid. All yearly payments are to be at 100% of my salary as specified by Judge Kotelly-Kotar's holding. My pay should reflect the manner in which Judge Kotelly-Kotar stated that I should be paid with raises, bonuses, salary increases, cost of living increases, and my step increases yearly. I am asking for late fees on all monies due me each year. The time period that needs to be certified is as follows:

> 4/29/03 – 6/03
>
> 8/03 - 6/04
>
> 8/04 - 6/05
>
> 8/05 - 6/06
>
> 8/06 - 6/07
>
> 8/07 - 1/08

After all back pay and front pay monies have been paid; I am expecting to be paid bi-weekly until I am released from my Doctor's care to return to DCPS full-time.

19. Also it was negligent on DCPS' behalf to place a student in my classroom that had just been removed from the Special Education Program without letting me know the student had been in Eastern's Special Education Program. This would have just been a courtesy. It was either deemed by the Special Education Department or by his parent that the student did not require further Special Education assistance. When the student was placed in my classroom I should have been alerted to the fact that the student had been in the special education program, but he no longer needed special education services. Therefore I would have been aware the student that the student did have special needs of some type before. I could have been monitoring the student and could have reported any unusual behavior to the Principal and the Special Education Department. In approximately October 2002, this student did attack a female student in my science class. After the student attacked me I found out he was a special education student the previous year. I told the teacher located next door to my classroom, and he told me he was surprised to learn that the student was still in the building.

The same student had either tried to attack him or did attack him. Therefore, he thought the student had been expelled. This was one of the teachers who taught in our Legal Program at the school. On another occasion while on hall duty I noticed one of my students (special education) was in the hallway cursing out one of the teachers. She seemed as though she was going to fight the teacher. The security guards escorted the student to the Administrator. However, the teacher told me the student curses her out almost daily. The student had acted as though she was going to attack her.

She had made several requests to have the student removed but she had not been successful. When students who are known to be violent are placed in your classroom consistently, then everyone should know the teacher may get hurt. At one point I had as many as 13 special education students in one class period. A Special Education Teacher with a Bachelors and a Masters degree, may not have that many students in one class period. If they have been assigned 13 students that might be the entire class for that period. I had the 13 special education students plus at least 13 or 14 more regular education students in one class period. If the students weren't violent and disruptive that class assignment may not be too difficult for a teacher to manage. The Administration at Eastern provided the environment increasing the opportunity for a student to hurt me. That's just what happened. DCPS is morally responsible for my injury; and due to the DC Law under DC Statute 1-623. Therefore they should continue to pay my salary for my injury until the Doctor states I can return to work full-time. I only included this information about the students' negative and violent behavior because this represents a small population of the students. The majority of the students I have taught and seen in school have exhibited good and positive behavior. When Administrators hand pick the violent students and place them in a teacher's classroom they should be aware that it is a possibility that the teacher may get injured and may have to be placed on Workman's Compensation.

It's such a shame that people receive different treatment when they have a disability. I have been diagnosed with PTSD but that does not impair my thinking ability nor does it diminish my ability to teach. I have assisted my children with their Science Projects and they have placed in their Science Fairs. I recently assisted a student who was reading below level and having difficulty in school. I was working on developing a Corrective Reading Program. I used the reading program with this student. We completed an intensive 6 weeks reading program on the weekend. I am happy to say the student reads just past his grade level and is performing academically much better in school. That is what his teacher told his Mom.

20. Judge Carney remanded my claim to DCORM on approximately 11/05. DCORM's delay in accepting and paying on my claim on 1/13/06, nearly coincided with their Court date on 1/24/06. It just seems if Judge Carney remanded my claim to DCORM on approximately 11/15/05, that I could expect a response from them earlier than 1/13/06. Since it was at DCORM's insistence that my claim be remanded to their office so that they would be allowed to make a Final Determination on my claim.

**WHEREFORE,** Plaintiff, Margaret Deschamps respectfully prays that this Court will issue an injunction enjoining the defendant from continuing to violate my Due Process Rights and giving me a lack of notice in regards to terminating my Workman's Compensation Claim. I am requesting that the Court will award plaintiff such additional or alternative relief as may be just, proper, and equitable, including costs.

Respectfully submitted,


_Margaret Deschamps_    2/12/08

Margaret Deschamps, PRO SE
P. O. Box 850
Clinton, Maryland 20735

# CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008, I served a true copy of a **MOTION FOR PERMISSION TO FILE A PRELIMINARY INJUNCTION AGAINST DEFENDANTS DUE TO A LACK OF NOTICE AND A VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS**

In case of (Civil Action No. 01 - 1484) (CKK) on the following persons:

Mayor Adrian Fenty
District of Columbia Public Schools
825 North Capitol Street, N. E.
Washington, D. C. 20003

Ms. Michelle Rhee, Chancellor
District of Columbia Public Schools
825 North Capitol Street, N. E.
Washington, D. C. 20002

Ms. Kelly Valentine
Interim Chief Risk Officer
DCORM
441 - 4th Street, N. W.
Washington, D. C.

Ms. Johnnie Winslow
Interim Chief Risk Officer
DCORM
441 - 4th Street, N. W.
Washington, D. C.

Ms. Nina Hill
Senior Claims Adjuster
DCORM
441 - 4th Street, N. W.
Washington, D. C.

Ms. Pamela Smith, Attorney
Assistant Attorney General
441 4th Street, N. W., Suite 1060N
Washington, D. C. 20001

Margaret Deschamps   Pro Se                              Date

Page 20 of 20

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**MOTION FOR PERMISSION TO FILE A PRELIMINARY INJUNCTION AGAINST DEFENDANTS DUE TO A LACK OF NOTICE AND A 5th AMENDMENT VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS; DEFENDANTS ARE IN NON-COMPLIANCE TO DC STATUTE 1-623, AND THE 5TH AMENDMENT DUE PROCESS CLAUSE OF THE CONSTITUTION.**

### COMPLAINT

**Comes now**, the plaintiff, Margaret Deschamps, appearing PRO SE, and for a complaint against the defendants above names, states, alleges and avers as follows:

Please find the following documents from the United States District Court from the District of Columbia Clerk's Office, and the cover page for the Lawsuit showing the Court's Stamp.

I misunderstood the DC Employment Justice Center sending me information as a person being a party to the Lightfoot Class Lawsuit. I thought that meant I had been certified and actually included as a member of the Lightfoot Class Action Suit. I called the DC Justice Center this morning, 2/12/08, to clarify my status. I was told I am not a member of the Lightfoot Class Action Suit; I am only a "Potential Member of the Lightfoot Class Action Suit". Since I have not been certified yet as a class member. Therefore, I am asking for permission to properly file my Lawsuit as a Citizen of the United States of America, whose Due Process Rights have been Violated under the 5th Amendment of the United States Constitution of America, and under DC Statute 1-623.

I have been hospitalized on four (4) separate occasions for PTSD, caused by my job related injury. I am entitled to Workman's Compensation Disability payments under DC Statute 1-623, as a result of my job related injury. I am still under my Doctor's Care, and the Defendants in charge have been given a copy of my updated Doctor's Certificate. I am to see the Doctor again in April of 2008 for my next scheduled Doctor's Appointment. I am experiencing a hardship. My Employment with DCPS is my sole source of income, and it has been my only source of income for the last approximately 10 years. I was re-hired by DCPS and signed my Teacher's Contract with DCPS in approximately 1999.

Since time is of the essence, I am forwarding a copy of the Motion Requesting permission to file my lawsuit, the fee waiver request, and a Motion for the Preliminary Injunction are included in the same envelop

Since Defendants are non-compliant with the Laws stated in DC Statute 1-623, and in regards to the Laws guaranteed by the 5th Amendment of the Constitution of the United States under the Due Process Clause, I am asking that the Defendants be responsible for paying all court costs and charges associated with the filing of this Lawsuit that I am filing in the United States District Court in regards to this matter.

08  9347

**FILED**

FEB 2 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WHEREFORE, Plaintiff, Margaret Deschamps respectfully prays that this Court will accept my request to allow me to file my injunction enjoining the defendants from continuing to violate my Due Process Rights and giving me a lack of notice in regards to terminating my Workman's Compensation Claim.

*Margaret Deschamps 2/12/08*

Margaret Deschamps  PRO SE   2/12/08

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

MARGARET E. DESCHAMPS          *

       Plaintiff                  *

v.                             *      Civil Action No.: 1:08-CV-00347
                                      Judge Reggie B. Walton
DISTRICT OF COLUMBIA           *
(DCORM/DCPS), *et al.*
                               *

       Defendants
\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### AFFIDAVIT OF JACQUELINE ORR

Pursuant to 28 U.S.C. § 1746, I, Jacqueline Orr, being over eighteen (18) years of age and competent to testify as a witness and having personal knowledge of the facts set forth below, do hereby make oath in due form as follows:

1.     My name is Jacqueline Orr.

2.     I am employed by Sedgwick CMS as Vice President of Operations.

3.     I have been employed by Sedgwick CMS for the past eight (8) years and have been Vice President of Operations for the past year and a half.

4.     On March 10, 2007, while on District of Columbia Government property located at 441 4th Street, Washington, D.C. 20001, I was provided a Process Receipt and Return for Nina Hill which I signed and which I later learned to be associated with a Summons and Complaint in the United States District Court for the District of Columbia, Civil Action No. 1:08-CV-00347, for Nina Hill. A copy of the Process Receipt and Return is attached hereto as *Exhibit 1*.

5.     Nina Hill is a former employee of Sedgwick CMS.

6.     I am not, nor have I ever been, authorized by appointment or by law to receive service of process on behalf of Nina Hill.

EXHIBIT

B

7.    I do not, nor have I ever, resided at Nina Hill's dwelling house.

      I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Jacqueline Orr

Executed On: March 21, 2008

B0787352.WPD; 22928-2

Case 1:08-cv-00347-RBW    Document 7    Filed 03/12/2008    Page 1 of 1

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Margaret E. Deschamps | 08-347  RBW |
| DEFENDANT | TYPE OF PROCESS |
| District of Columbia, et al | Summons in a Civil Action |

| SERVE | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| ➡ | Nina Hill, Senior Chief Risk Officer  — DCORM |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| AT | 441 4th St., NW, Washington, DC 20001 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | Number of process to be served with this Form - 285 |
|---|---|
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                Fold

Signature of Attorney or other Originator requesting service on behalf of:

☐ PLAINTIFF
☐ DEFENDANT

TELEPHONE NUMBER

DATE

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 16 | No. 16 | Jeannie Tell | 3/6/08 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Jacqulin Cook | |
| Address (complete only if different than shown above) | Date of Service | Time |
| 441 4th St NW #8005 Wash D C 20001 | 3-10-08 | 1100 am/pm |
| | Signature of U.S. Marshal or Deputy |
| | James Adams  4143 |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 45.00 | | | 45.00 | | 45.00 | |

REMARKS:

**EXHIBIT**

1

PRIOR EDITIONS
MAY BE USED

**1. CLERK OF THE COURT**

FORM USM-285 (Rev. 12/15/80)