UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARET E. DESCHAMPS        :
                                      :
     Plaintiff,                  :
                                      :   Civil Action No. 08-347 (RBW)
                                      :
DISTRICT OF COLUMBIA, *et al.*    :
                                      :
     Defendants.                :
_____ :

## DISTRICT OF COLUMBIA DEFENDANTS' ANSWER TO THE COMPLAINT

The District of Columbia, Mayor Adrian M. Fenty, Michelle Rhee, DC School Chancellor, Kelly Valentine, Director, DC Office of Risk Management and Pamela Smith, Assistant Attorney General for DC Personnel and Labor Relations, respond to the allegations in the Complaint with particularity and in like-numbered paragraphs.  All allegations not specifically admitted herein are denied.

### JURISDICTION

1. Defendants acknowledge that a district court may have subject matter jurisdiction when there is a federal question, and that it may in the appropriate case, exercise supplemental jurisdiction.

2.  Defendants acknowledge that a district court may have subject matter jurisdiction when there is a federal question, and that it may in the appropriate case, exercise supplemental jurisdiction.  The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

### GENERAL ALLEGATIONS

1.  Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution. Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted.  Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim.  The remaining allegations in this paragraph are conclusions of law to which no answer is required. If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

2.  Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution. Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. The

remaining allegations in this paragraph are conclusions of law to which no answer is required. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim.

If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

3. Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

4.  Defendants admit that the Administrative Law Judge remanded Plaintiff's claim but that was on an unrelated injury.  Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

5.  Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost

wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

6. Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

7.  Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

8.  Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the

Due Process Clause of the United States Constitution.

9.  Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

10. Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

11.  This allegation is admitted to the extent that the report referenced was not made part of the record.  All other allegations are denied.

12.  To the extent that Plaintiff is a class member in *Lightfoot v. District of Columbia*, Civil Action 01-484 (Kotelly, J.), her case should be reassigned.  As to all other allegations, Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no

answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

13.    Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

14.    Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

15.    To the extent that Plaintiff is a class member in *Lightfoot v. District of Columbia*, Civil Action 01-484 (Kotelly, J.), her case should be reassigned.  As to all other allegations, Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct

violated the Due Process Clause of the United States Constitution.

16.  Defendants are without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs and therefore deny same and strict proof thereof is demanded.

17.  Defendants are without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs and therefore deny same and strict proof thereof is demanded.

18.  To the extent that Plaintiff is a class member in *Lightfoot v. District of Columbia*, Civil Action 01-484 (Kotelly, J.), her case should be reassigned.  As to all other allegations, Defendants deny that Plaintiff's claim for medical and/or lost wage benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

With respect to Plaintiff's claims for raises and bonuses and salary increases, cost of living expenses, and step increases, Defendants are without sufficient knowledge or information to admit or deny the allegations this paragraph and therefore deny same and strict proof thereof is demanded.

19.  Defendants are without sufficient knowledge or information to admit or deny the allegations this paragraph and therefore deny same and strict proof thereof is demanded.

20.  Defendants deny that Plaintiff's claim for medical and/or lost wage

benefits for post traumatic stress disorder was accepted. Indeed, it was denied on January 25, 2006. Defendants deny that they owe Plaintiff medical and/or lost wage benefits on her post traumatic stress disorder claim. The remaining allegations in this paragraph are conclusions of law to which no answer is required.  If an answer is required, Defendants deny that their conduct violated the Due Process Clause of the United States Constitution.

**FIRST DEFENSE**

The Complaint fails to state a claim against Defendants upon which relief can be granted.

**SECOND DEFENSE**

This Court lacks jurisdiction over the subject matter of this action.

**THIRD DEFENSE**

Plaintiff has failed to exhaust their administrative remedies.

**FOURTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTH DEFENSE**

Plaintiff's' claims are barred under the doctrine of latches.

**SIXTH DEFENSE**

Plaintiff's claims are barred under the doctrine of unclean hands.

**SEVENTH DEFENSE**

The actions or failure to act which give rise to the claims alleged by Plaintiff's were the responsibility of or conducted by a person or party other than the District of Columbia.

## EIGHTH DEFENSE

Defendants, at all times relevant, acted consistently with applicable rules, regulations, federal and local law and standards of care.

## NINTH DEFENSE

The actions of Defendants and all employees, officials, and agents of the District of Columbia were, at all times relevant, reasonable, in good faith, and in compliance with federal and local law.

## TENTH DEFENSE

To the extent Plaintiff seeks an award of unliquidated damages against the District of Columbia under local law, such damages are barred for failure to satisfy D.C. Official Code § 12-309 (2001 ed.).

By way of further answer, Defendants represent that all defenses are based upon information presently available.  Defendants reserve the right to amend this pleading should facts learned in discovery so warrant

**WHEREFORE,** Defendants seek dismissal of the Complaint with prejudice, and an award of costs and attorneys' fees.

Respectfully submitted,

PETER J. NICKLES,
Interim Attorney General, DC

GEORGE C. VALENTINE
Deputy Attorney General, DC
Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I
Telephone: (202) 442-9886
ellen.efros@dc.gov

/s/ Martha J. Mullen_____
MARTHA J. MULLEN [419036]
Senior Assistant Attorney General

Office of the Attorney General, DC
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6612
Facsimile: (202) 727-0431
martha.mullen@dc.gov

Filed: MARCH 31, 2008