UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARGARET E. DESCHAMPS**

   Plaintiff,

  v.           Civil Action No. **08-347**
                (RBW)

**DISTRICT OF COLUMBIA, ET AL**

   Defendant.

**GENERAL ORDER AND GUIDELINES FOR CIVIL CASES (ECF)**

**(Judge Walton)**

THIS GENERAL ORDER APPLIES TO ALL CASES ASSIGNED TO THE CIVIL CALENDAR OF JUDGE REGGIE B. WALTON. COUNSEL AND <u>PRO SE</u> LITIGANTS ARE EXPECTED TO FAMILIARIZE THEMSELVES WITH AND COMPLY WITH THIS GENERAL ORDER.

ALL COUNSEL, PARTIES AND <u>PRO SE</u> LITIGANTS ARE EXPECTED TO TREAT EACH OTHER AND THOSE INVOLVED IN THE CASE RESOLUTION PROCESS WITH DIGNITY, RESPECT AND CIVILITY, BOTH IN COURT AND IN OUT-OF-COURT CONFERENCES, MEETINGS AND DISCOVERY PROCEEDINGS. COUNSEL ARE EXPECTED TO ADVISE THEIR CLIENTS OF THIS MANDATE OF THE COURT.

All courtroom proceedings, unless otherwise indicated, will be conducted in courtroom 5 of the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001. Non-courtroom conferences and meetings

will be held in Judge Walton's chambers unless otherwise specified.

Judge Walton's permanent staff consists of Ms. Melissa D. Williams, Career Law Clerk, (202) 354-3290; Mrs. Mattie Powell-Taylor, Courtroom Deputy Clerk (202) 354-3184; and Ms. Phyllis Merana, Court Reporter (202) 273-0889.  One of Judge Walton's three law clerks will be assigned to this case, and the name of the assigned law clerk can be obtained from Ms. Williams, however discussions with and/or telephone calls to the law clerks are strongly discouraged unless absolutely necessary.

"[T]o secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1, all counsel are **HEREBY ORDERED** to familiarize themselves with the Federal Rules of Civil Procedure, particularly Federal Rules of Civil Procedure 16 and 26, and the Local Rules of the District of Columbia.[1]

It is **FURTHER ORDERED:**

1. <u>**Service of the Complaint.**</u>  The Plaintiff(s) shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and shall file the proof(s) of service with the court.  If Plaintiff fails to properly serve a copy of the complaint in the time proscribed by Rule 4, his/her action may be dismissed.

2. <u>**Communications with Chambers.**</u>  Counsel shall not contact the court or its chambers regarding routine matters by telephone, facsimile, letter, or by any other means, except as set forth below, although counsel may contact the Courtroom Deputy Clerk with appropriate scheduling or other inquiries about the case.  If the court or its staff initiates a telephone call, counsel shall then return such call.  In an **actual**

---

[1] The Local Civil Rules are available at "http:\\www.dcd.uscourts.gov".

emergency, however, chambers may be reached by telephone. Ex parte communications to Judge Walton either directly or through his law clerks are inappropriate and will not be tolerated.

    3. **Motions Guidelines.**

Any motion that does not comply with Local Civil Rule 56.1 shall be denied without prejudice. The Court will not consider any opposition that is not in compliance with the Rule and if compliance is not forthcoming within 30 days, the motion will be deemed conceded.

Any motion or opposition that does not comply with Local Civil Rule 7, unless otherwise indicated below, will be sua sponte denied.

Only in rare instances and for good cause shown will the page limitations of Local Civil Rule 7(e) be waived by the court. Typeface shall not be smaller than pica size, **with no more than ten typed characters per inch.** The court recommends the "Times New Roman" or "Courier" font (12 point). Footnotes shall be no smaller than 10 point font.

    4. **Courtesy Copies for Chambers.** Counsel shall provide a hard copy of all pleadings filed with the court to chambers either by mail or hand delivery.

    5. **Motions for Extensions of Time.** Motions for Extension of time are **strongly discouraged.** Parties should not expect the court to grant extensions. Counsel seeking an extension of time **must** file a motion and a proposed order including a detailed declaration of the grounds for the extension sought. The court grants such motions only upon a showing of good cause, focusing on the diligence of

the party seeking the continuance and any prejudice that may result if the court denies the continuance.[2] In addition, such a motion must be filed **at least four (4) business days prior to the deadline the motion is seeking to extend** and must include the following (otherwise it will not be considered by the court):

    (a)    the number of previous extensions requested and granted to each party;

    (b)    the specific ground(s) for the motion;

    (c)    a statement of the effect that the court's granting of the motion will have on all other previously scheduled deadlines;

    (d)    in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested timeline for the filing of the opposition[3] and reply; and

    (e)    pursuant to Local Civil Rule 7(m), **the moving party shall include a statement of opposing counsel's position** on the motion.

Further, the court requires that the parties **file consent motions rather than stipulations.** Failure to comply with the Local Civil Rules or this Order may result in rejection of the request.

    6.  **Meet and Confer Statement.**  Pursuant to Federal Rule of Civil Procedure

---

[2] See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,, 101 F.3d 145 (D.C. Cir. 1996).

[3] The deadline for the opposition should be suggested only after consulting with opposing counsel.

26(f) and Local Civil Rule 16.3,[4] counsel shall submit their Joint Meet and Confer Statement addressing all topics listed in Local Civil Rule 16.3(c) no later than fourteen days following that meeting. Counsel are also directed to include in their Joint Meet and Confer Statement a one-page statement of the facts of the case and the statutory basis for all causes of action and defenses. A hard copy of counsel's Joint Meet and Confer Statement shall also be delivered to chambers by mail or hand delivery.

      7. **<u>Settlement and Alternative Dispute Resolution</u>.** In order to reduce litigation expenses and delay, to eliminate the anxiety of trial and the risk of an unsatisfactory outcome, it is desirable that settlement occur as early as possible in the litigation process. The court is available to assist the parties in pursuing settlement early in the process. However, the court will not delay trial so that the parties may participate in settlement discussions on the day of trial.

      It shall be the norm for **all** cases to be referred for some form of alternative dispute resolution. In considering what form of alternative dispute resolution the parties think the case is most suited, counsel are reminded that their options include mediation (either with a private firm or a Magistrate Judge), arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that can be tailored to the needs of their case.

---

[4] The May 17, 2001 amendment to Local Civil Rule 16.3 sets forth additional categories of proceedings that are exempted from this Rule's meet and confer requirements. If counsel's proceeding is exempt from the local rule's requirements, counsel for both parties shall jointly prepare and submit a statement to the Court indicating whether they believe the matter will be resolved solely through the filing of dispositive motions and proposing a scheduling timeline for the filing of such motions to the court. Counsel shall also indicate whether or not they believe an appearance before the court will be necessary prior to resolution of the dispositive motions.

8. **Discovery**.  Counsel are referred to Local Civil Rule 26.2 and are expected to fully conform with its directives.  Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Civil Rule 7(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the court's attention.  **If, in what should be the unusual situation, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the court.  Counsel must resolve all discovery disputes or bring them to the Court's attention in a timely manner so as to allow sufficient time for the completion of discovery within the time set by the Court.  Counsel shall not file a discovery motion without prior consultation with opposing counsel.**  Leave of court is required before the filing of a discovery dispute-related motion.  Counsel are advised that if the court is called upon to resolve such a motion, the non-prevailing **attorney** (not the principal, unless otherwise warranted), will be sanctioned pursuant to Federal Rule of Civil Procedure 37(a)(4).

9. **Rescheduling Hearings**.  Requests for the rescheduling of hearings are **strongly discouraged** because of the inconvenience they cause to the court.  If counsel seeks to change a previously scheduled hearing date, **counsel is directed to submit a written motion that shows good cause and proposes four alternative dates** and times that would be convenient for all parties in the case.  If counsel's suggested dates and/or times are not available on the court's calendar, an alternative date and time of the court's choosing will be selected.  The court may, in its discretion, later decide that a previously scheduled hearing is not necessary and thereby take the

6

hearing off the calendar to decide the given matter on the papers presented by the parties.

In the event the Court is closed or the opening time for the start of the Court's day is delayed due to inclement weather or an unforeseen emergency, cases that were scheduled to be heard during the times when the Court was closed will be rescheduled by the courtroom deputy.

10. **Citations.** All citations made to United States Supreme Court cases shall cite to the U.S. Reports (e.g., 401 U.S. 382), and the Supreme Court Reporter (e.g., 36 S. Ct. 210) as the alternative citation. If the case was decided too recently for it to be reported in either the U.S. Reports or the Supreme Court Reporter, counsel should cite the U.S. Law Week and an on-line citation (Westlaw or Lexis).[5] When possible, all citations must include exact page references. When case authority is cited in passing or as supplemental authority for a stated principal or rule, parenthetical descriptions of that case's holding should immediately follow. Further, when case authority is accessible only through on-line resources, please provide the Westlaw or Lexis numerically assigned citations.

11. **Order Setting Scheduling Conference.** Pursuant to Federal Rules of Civil Procedure 16(b) and 26, and the Court's Local Rules, the court will issue an "Initial Scheduling and Procedure Order" immediately after the case is at issue. The initial scheduling conference will be scheduled within five to six weeks after the case is at issue. Strict compliance with Federal Rules of Civil Procedure 16 and 26 is required.

---

[5] If an on-line citation is provided to the court, a copy of the on-line authority should also be submitted to the court.

12. **Pretrial Court Appearances by Counsel:** An attorney with authority to make scheduling decisions must appear on behalf of the parties at all court appearances. In addition, counsel must have their calendars and the calendars of any necessary co-counsel available with them for possible scheduling of future events related to the case. Counsel with settlement authority must appear at the initial scheduling conference and at the final pretrial conference.

13. **Motions for Reconsideration.** "Motions for Reconsideration" of a prior court ruling are strongly discouraged. Such motions shall be filed only when the requirements of Federal Rule of Civil Procedure 59(e) and/or 60(b) are met. If one is filed, it shall not exceed **ten** pages in length. Oppositions are limited to the same page restriction. Moreover, the court will not entertain: (a) motions that simply reassert arguments previously raised and rejected by the court; and (b) arguments that should have been previously raised, but are being raised for the first time in the "Motion for Reconsideration." See, e.g., National Trust v. Department of State, 834 F. Supp. 453, 455 (D.D.C. 1995).

**SO ORDERED** on this 8th day of July, 2008.

```
                                        /s/
                                        Reggie B. Walton
                                        United States District Court Judge
```