## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **MARGARET E. DESCHAMPS** | * |
| **Plaintiffs** | * |
| **v.** | *   **Civil Action No.: 1:08-CV-00347** |
| | **Judge Reggie B. Walton** |
| **DISTRICT OF COLUMBIA** | * |
| **CORM/DCPS),** *et al.* | * |
| | * |
| **Defendants** | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### DEFENDANT NINA HILL'S REPLY TO PLAINTIFF'S OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Defendant, Nina Hill ("Defendant" or "Hill"), by her attorneys, Thomas V. McCarron and Semmes, Bowen & Semmes, hereby respectfully submits her Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint.

## I.     INTRODUCTION

This is a *pro se* action brought by Plaintiff, Margaret, E. Deschamps ("Plaintiff" or "Deschamps"), a teacher in the District of Columbia public school system ("DCPS"), against Hill and six other Defendants[1] alleging statutory and constitutional violations and seeking injunctive relief and benefits arising out of her workers' compensation claim.[2]

_____

[1] In addition to Hill, the Plaintiff has also named as Defendants the following: District of Columbia (DCORM/DCPS), Washington, D.C. Mayor Adrian M. Fenty, Michelle Rhee (D.C. School Chancellor), Kelly Valentine (Director, D.C. Office of Risk Management); Pamela Smith (attorney with the D.C. Personnel and Labor Relations Office); and Johnnie Winslow (D.C. Office of Risk Management).

[2] The Complaint alleged that Plaintiff is entitled to workers' compensation benefits arising out of her alleged post-traumatic stress disorder ("PTSD"). The Complaint appears to lay blame for the alleged termination of her workers' compensation benefits on the Defendants' purported failure to adequately handle her workers' compensation claim, alleging that Plaintiff was entitled to notice and a hearing from the District of Columbia

On March 26, 2008, Defendant filed a Motion to Dismiss Plaintiff's Complaint (hereinafter referred to as "Defendant's Motion to Dismiss"), in its entirety, on several grounds: (1) pursuant to Fed. R. Civ. P. 12(b)(5) because the Plaintiff failed to properly serve the Summons and Complaint upon Hill; (2) pursuant to Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction in light of the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), D.C. Code Ann. §§ 1-601.01 *et seq.*; (3) pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint failed to state a claim upon which relief may be granted; and (4) pursuant to Fed. R. Civ. P. 8 because the Complaint failed to provide a short and plain statement of the claim, and was not sufficiently concise and direct with regard to the allegations against Hill.

As Plaintiff never responded to Defendant's Motion to Dismiss, the Court, on July 1, 2008, issued an Order advising Plaintiff to respond to Defendant's Motion to Dismiss by August 4, 2008; otherwise, the Court would treat Defendant's Motion to Dismiss as conceded and that the Complaint may be dismissed either against Hill or in its entirety if it was found that it lacked subject matter jurisdiction.

Apparently in response to the Court's July 1, 2008 Order, Plaintiff, on July 10, 2008, filed a document consisting of 16 single-spaced pages, as well as exhibits, entitled "Plaintiff's Motion Not to Dismiss Plaintiff's Complaint, Plaintiff's Motion amending claim to 1 Million Dollars, and $50,000 for each day Plaintiff did not receive her Back pay monies from DCORM/DCPS, Motion requesting the immediate release of Plaintiffs back pay and front pay

---

before her workers' compensation benefits could be terminated. Accordingly, Plaintiff alleges that she has been deprived of her rights under the Due Process Clause of the Fifth Amendment and under § 1-623 of the D.C. Code. The Complaint appears to only seek relief from the District of Columbia; there is no specific relief sought against Hill.

monies while the Judge hears the case, Motion requesting that the Judge judicially notes that the Lightfoot v. The District of Columbia case is still being heard by Judge Kotelly-Kotar, and Lightfoot Plaintiffs and Defendants Attorneys, and requests that Judge Kotelly-Kotar's holding in the Lightfoot case be applied to Plaintiff's case, Memorandum in Support thereof, and proposed Order were served, In case (Civil Action No.01-1484) (CKK)." (hereinafter referred to as "Plaintiff's Opposition").[3]

As was previously fully explained in Defendant's Motion to Dismiss and Memorandum in support thereof (hereinafter referred to as "Defendant's Memorandum"), which are adopted and incorporated by reference as if fully set forth herein, Plaintiff's Complaint should be dismissed. Plaintiff's Opposition fails to establish that Hill was properly served. Plaintiff's Opposition further fails to establish that this Court has subject matter jurisdiction, or that she has stated a claim upon which relief may be granted, in light of the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), D.C. Code Ann. §§ 1-601.01 *et seq.* Finally, Plaintiff's Opposition does not cure the fact that Plaintiff's Complaint failed to provide a short and plain statement of the claim with regard to the allegations, if any, against Hill.

## II.    **ARGUMENTS**

### A.    *Plaintiff Fails To Establish That Hill Was Properly Served Pursuant To The Federal Rules of Civil Procedure.*

As is discussed fully in Part III.A of Defendant's Memorandum, Plaintiff's Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) because the Plaintiff failed to serve Hill in compliance with Fed. R. Civ. P. 4(h)(1). *See* Defendant's Memorandum, pp. 3-5. Plaintiff's Opposition states, in part:

---

[3]Plaintiff's Opposition was not received by Defendant until July 15, 2008.

> Ms. Valentine had been located at 441 - 4[th] Street, and she had been Ms. Nina Hill's Supervisor, as far as I know Ms. Orr is Ms. Valentine's Supervisor, since they are with the same company DC Disability Compensation, if Ms. Orr did sign such a document she must have thought she was supposed to do so. So she would be in essence the chief of operations then she would feel responsible to sign, Therefore, I feel Ms. Hill was properly served and service was completed correctly.

Plaintiff's Opposition, p. 10.

Plaintiff's Opposition, however, sets forth nothing to establish that service on Hill was properly effected pursuant to Fed. R. Civ. P. 4. In fact, Plaintiff's Opposition concedes the fact that Hill was never personally served. Moreover, Plaintiff utterly fails to establish that Jacqueline Orr, Vice President of Operation for Sedgwick CMS ("Sedgwick"), who signed the Process Receipt and Return and later learned that it was associated with a Summons and Complaint in this action for Hill, was, at any time, ever authorized by appointment or by law to receive service of process on behalf of Hill.

Since service on Hill was never properly effected on Hill, dismissal is appropriate.

**B.    *This Court Lacks Subject Matter Jurisdiction In Light Of The District Of Columbia Comprehensive Merit Personnel Act.***

As discussed fully in Part III.B of Defendant's Memorandum, Plaintiff's Complaint must also be dismissed with prejudice as to Hill pursuant to Fed.R.Civ.P. 12(b)(1) because this Court lacks subject matter jurisdiction in light of the CMPA. *See* Defendant's Memorandum, pp. 5-8; D.C. Code Ann. §§ 1-601.01 *et seq.* (2001).

While Plaintiff's Opposition states, "I don't know too much about CMPA," Plaintiff's Opposition, p. 10, it is well-established that the CMPA preempts District of Columbia common law claims. *See Stockard v. Moss*, 706 A.2d 561, 565 (D.C. 1997) (holding that the CMPA implicitly preempts claims by public employees of wrongful treatment and injury

cognizable as a "personnel issue," under CMPA's "performance ratings," "adverse actions," and employee grievances" provisions). The CMPA is the *exclusive* remedy for a District of Columbia employee who has a work-related complaint of any kind. *See Beeton v. District of Columbia*, 779 A.2d 918, 921 n.6 (2001); *see also Baker v. District of Columbia*, 785 A.2d 696, 697-98 (2001) (stating that because the appellant was a public employee of the District of Columbia, the CMPA was her exclusive remedy for her work-related complaints); *Grillo v. District of Columbia*, 731 A.2d 384, 385 (D.C. 1999) (stating that when a claim is cognizable under the CMPA, it provides the complainant with his exclusive remedy). Accordingly, this action must be dismissed, with prejudice, as to Hill. *See, e.g., McManus v. District of Columbia*, 530 F.Supp.2d 46, 76-79 (D.D.C. 2007) (holding that claims brought by District of Columbia employees alleging that defendants engaged in a conspiracy to violate their rights by depriving them of administrative relief in connection with benefits derived from employment, including workers' compensation, were preempted by the CMPA); *Kralick v. District of Columbia Dept. of Empl. Servs.*, 842 A.2d 705, 710 (D.C. 2004) (holding that where petitioner was an employee of the District of Columbia at the time of injury, her claim for disability compensation was governed by the CMPA).

Since this Court lacks subject matter jurisdiction in light of the CMPA, Plaintiff's Complaint must be dismissed, with prejudice.

C. ***Plaintiff's Opposition Does Nothing To Dispel The Fact That The Complaint Must Be Dismissed Pursuant To Fed.R.Civ.P. 12(b)(6) Because It Fails To State A Claim Upon Which Relief May Be Granted.***

As discussed in Part III.C of Defendant's Memorandum, Plaintiff's Complaint wholly fails to allege with any particularity how Hill had anything to do with violating Plaintiff's constitutional and/or statutory rights. *See* Defendant's Memorandum, pp. 8-10. In any event, a claim alleging a violation of constitutional rights cannot, as a matter of law, be brought against Hill, a private individual, as there is no private right of action against private

individuals for constitutional violations. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 480

(1994) (stating that the Constitution does not restrict the conduct of private entities); *Rendell-*

*Baker v. Kohn*, 457 U.S. 830, 842 (1982) (stating that constitutional claims may not be

asserted against a private entity); *Canadian Transport Co. v. United States*, 663 F.2d 1081,

1093 (D.C. Cir. 1980) (stating that "private citizens, acting in their private capacities, cannot

be guilty of violating due process rights"); *Richards v. Duke Univ.*, 480 F.Supp.2d 222, 238-

39 (D.D.C. 2007) (stating that constitutional protections of individual rights and liberties only

apply to actions by governmental bodies and that there is no private right of action to obtain

damages from a private entity for constitutional violations); *Pappas v. Eastern Savs. Bank,*

*FSB*, 911 A.2d 1230, 1237 (D.C. 2006) (holding that rights secured by the United States

Constitution are protected only against infringement by governments and not private

individuals).

Moreover, there is nothing to establish that Hill was a state actor. *See, e.g., Daniels v.*

*Union Pac. R.R. Co.*, 480 F.Supp.2d 191, 196 (D.D.C. 2007) (stating that there can be no

violation of the Constitution without "state action," and state action requires that the party

charged with the deprivation must be a person who may fairly be said to be a state actor); *see*

*also Anderson v. Wiggins*, 460 F.Supp.2d 1, 7 (D.D.C. 2006) (finding that the Constitution

does not protect against injuries by purely private individuals).

Accordingly, because Plaintiff's Complaint fails to state a claim upon which relief can

be granted as to Hill, dismissal, with prejudice, is warranted..

## III.   CONCLUSION

For the foregoing reasons, Defendant, Nina Hill, respectfully requests that this

Honorable Court grant its Motion to Dismiss Plaintiff's Complaint, and dismiss the Plaintiff's

Complaint against her, with prejudice.

Respectfully submitted,

_____/s/_____
Thomas V. McCarron, Bar No. 465948
Semmes, Bowen & Semmes
25 South Charles Street
Suite 1400
Baltimore, Maryland 21201
(410) 539-5040

***Attorneys for Defendant***
***CMI Octagon "A Sedgwick CMS Company"***


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, 2008, a copy of the foregoing

Defendant Nina Hill's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss

Plaintiff's Complaint was served, via first-class mail and/or e-filing, on:

Margaret E. Deschamps
2776 Fleets Bay Road
White Stone VA 22578
*Pro Se* Plaintiff

Ellen A. Efros, Esquire
Martha J. Mullen, Esquire
Office of the Attorney General, DC
441 Fourth Street, N.W.
6th Floor South
Washington, D.C. 20001
Attorneys for Defendants District of Columbia, Mayor Adrian M. Fenty, Michelle Rhee, DC
School Chancellor, Kelly Valentine, Director, DC Office of Risk Management and Pamela
Smith, Assistant Attorney General for DC Personnel and Labor Relations


_____/s/_____
Thomas V. McCarron

B0817668.WPD

7