UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARGARET E. DESCHAMPS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0347 (RBW) |
| DISTRICT OF COLUMBIA *et al.*, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

In this civil action filed *pro se*, the plaintiff, a former District of Columbia Public School teacher, alleges that the defendants violated her Fifth Amendment right to due process by allegedly terminating her worker's compensation benefits without notice in January 2006. She also claims violations of the District of Columbia Disability Compensation Act ("DCA"), D.C. Code §§1-623.01-.47 (2001). The plaintiff sues the District of Columbia, Mayor Adrian M. Fenty and School Chancellor Michelle Rhee, as well as Director Kelly Valentine, Claims Adjusters Nina Hill and Johnnie Winslow all employees of the District of Columbia Office of Risk Management ("DCORM"), and Attorney Pamela Smith of the District of Columbia Personnel and Labor Relations Office. Defendant Nina Hill moves to dismiss the complaint pursuant to Rules 8 and 12(b)(1), (b)(5) and (b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions and the record as applicable to Ms. Hill, the Court will grant Ms. Hill's Rule 12(b)(6) motion to dismiss.

I. BACKGROUND

The plaintiff alleges that her worker's compensation claim based on post-traumatic stress disorder was granted on January 13, 2006, "by a verbal acceptance over the telephone." Complaint at 2. After receiving a check on January 24, 2006, the plaintiff was informed that she "would not receive any further payments from DCORM effective 1/25/06." *Id*. The plaintiff alleges that she had "received no notice or prior notice" before the termination of payments. *Id*. at 3. She alleges that defendant Hill ignored her request of January 17, 2006, for reimbursement of job-related medical expenses, but that Hill also stated: "'We don't pay on stress claims'" *Id*. at 8 ¶ 6.

II. DISCUSSION

1. Subject Matter Jurisdiction

Ms. Hill moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, claiming that plaintiff's remedy lies exclusively under the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §§ 1-601.01-1-607.08 (2001). Although "[t]he District of Columbia Court of Appeals has consistently held that the CMPA provides the exclusive avenue for aggrieved District employees to pursue work-related complaints," *McManus v. District of Columbia*, 530 F. Supp.2d 46, 77 (D.D.C. 2007) (citations omitted), the statutory remedy does not foreclose this Court from entertaining the constitutional question over which it has original jurisdiction under 28 U.S.C. § 1331. *See Lightfoot v. District of Columbia*, 448 F.3d 392, 399 (D.C. Cir. 2006) (federal court's lack of authority to review D.C. agency action "does not mean that a federal court lacks authority to entertain a claim under § 1983 that would also be cognizable as a [D.C. Administrative Procedure Act] claim to the D.C. Court of

Appeals") (citations omitted); *McManus,* 530 F. Supp.2d at 72 (assuming "arguendo" that the "[p]laintiffs have a legitimate property interest in their . . . receipt of the disability compensation benefits provided in the CMPA"); *Lightfoot v. District of Columbia*, 339 F. Supp.2d 78, 88, n.7 (D.D.C. 2004) (recognizing "a property interest in [D.C. employees's] disability benefits" to which process is due), *rev'd in part on other grounds*, 488 F.3d 392.  The Court is satisfied that it has subject matter jurisdiction and, therefore, denies Ms. Hill's Rule 12(b)(1) motion to dismiss.

     2.  Insufficient Service of Process

Ms. Hill next moves to dismiss under Rule 12(b)(5) for insufficient service of process. She claims that the individual who received service on her behalf, *see* Dkt. No. 7 (Return of Service/Affidavit), was not authorized to accept service on her behalf.  As a party proceeding *in forma pauperis*, the plaintiff is relying on the court officers to effect proper service.  *See* 28 U.S.C. § 1915(d) (requiring court officers to "issue and serve all process, and perform all duties in [*in forma pauperis*] cases").  Accordingly, the Court will not penalize the plaintiff by dismissing the claim on this ground without first providing her the opportunity to assist the court officers with curing the deficiency.

     3.  Failure to State a Claim

Ms. Hill also moves to dismiss under Rule 8 for insufficient pleading and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction  [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The Rule 8 standard ensures that defendants receive fair notice of the claim, *Bell Atlantic Corp. v. Twombly,* ___ U.S.___, 127  S.Ct. 1955, 1964 (2007), so that they can prepare a

responsive answer and an adequate defense, *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Considering the whole of the *pro se* complaint, which must be read liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court finds that the plaintiff has pleaded sufficient facts to put Ms. Hill on notice of a claim. *Cf. Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999) ("On the record at hand, we hold that the District Court abused its discretion in failing to consider [the plaintiff's *pro se*] complaint in light of his reply to the motion to dismiss.") (citation omitted). As concluded below, the claim nonetheless fails.

On review of a Rule 12(b)(6) motion to dismiss, a court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp.*, ___ U.S. at ___, 127 S.Ct. at 1969. "[T]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The complaint against Ms. Hill is premised solely on her alleged refusal to process the plaintiff's claim for medical expense reimbursement. Ms. Hill asserts that the plaintiff "cannot assert any claims for constitutional violations against [her] as there is no private right of action against private individuals for such violations." Memorandum in Support of Defendant Nina Hill's Motion to Dismiss Plaintiff's Complaint at 8. In the complaint caption, however, the plaintiff identifies Ms. Hill as a claims adjuster with the D.C. Office of Risk Management. Ms. Hill has not contested that she is or was employed by the District of Columbia in that capacity

during the relevant time period; thus, it may be reasonably inferred that her alleged acts were performed as a District of Columbia employee.  The plaintiff therefore has sufficiently pleaded a claim under 42 U.S.C. § 1983, which provides a cause of action against a person who deprives one of a constitutional right while acting under color of, *inter alia*, District of Columbia law.  *See Maniaci v. Georgetown University,* 510 F. Supp.2d 50, 68 (D.D.C. 2007) ("A state employee performing [or purporting to perform] an official duty acts pursuant to state authority, and therefore acts under the color of law.") (citations omitted).  That said, the plaintiff has not alleged that Ms. Hill impeded her ability to seek redress under the procedures set forth at D.C. Code § 1-623.24 and .28, which provides all the process she is entitled to.[1]  *See Lightfoot*, 448 F.3d at 398 ("the CMPA and D.C. court of appeals decisions themselves provide ample standard that would satisfy [a] due process claim").  She therefore has not stated a federal claim against Ms. Hill, and the Court declines to exercise supplemental jurisdiction over the statutory claim.  *See* 28 U.S.C. § 1367 (c)(3) (district court may decline to exercise supplemental jurisdiction if it "has dismissed

---

[1] The process is described in relevant part as follows:

> A beneficiary displeased with the District's determination has thirty days to request a hearing before a Department of Employment Services disability compensation administrative law judge, and at the hearing, the ALJ must 'receive such relevant evidence as the claimant adduces.' The agency then must notify the beneficiary of the decision in writing within thirty days of the hearing. The beneficiary may file an application for review within thirty days of receipt of that decision with the director of the Department of Employment Services, who must notify the applicant of his or her decision in writing. The beneficiary, within thirty days of that decision, may then file an application for review with the D.C. Court of Appeals.

*Lightfoot*, 448 F.3d at 394-95.

all claims over which it has original jurisdiction"). Accordingly, the Court grants Ms. Hill's Rule 12(b)(6) motion to dismiss.[2]

                                                            _____s/_____
                                                            Reggie B. Walton
Date: October 23, 2008                        United States District Judge

---

[2] A separate Order accompanies this Memorandum Opinion.